**MCGUIREWOODS LLP**
Alexander J. Gershen (SBN 291929)
agershen@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorney for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYUNG JIN MYRA KOZLOWSKI<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A, EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANSUNION, LLC; THE MOORE LAW GROUP, APC; HARVEY M. MOORE In his individual capacity; and Does 1-10,<br><br>Defendants. | CASE NO. 1:18-cv-00131-DAD-EPG<br><br>**BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 20, 2018<br>Time:     9:30 a.m.<br>Courtroom: 5, 7th Floor<br><br>Complaint Filed: June 28, 2017<br>Honorable: Dale A. Drozd |

**TO PLAINTIFF IN *PRO SE*:**

PLEASE TAKE NOTICE that at 9:30 a.m. on March 20, 2018, in Department 5 of the above-referenced court, located at 2500 Tulare Street, Fresno, CA, Bank of America, N.A. ("BANA") will and hereby moves to dismiss the complaint filed in this action against BANA by Plaintiff Myung Jin Myra Kozlowski ("Plaintiff"), and to each cause of action asserted therein against BANA.  This Motion to Dismiss is brought pursuant to Fed. R. Civ. P., 12(b)(6) for failure to state any claim upon which relief can be granted, and for such other relief as this Court may deem just.

BANA's Motion to Dismiss is based upon this Motion to Dismiss, the Memorandum of Points and Authorities attached hereto, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion to Dismiss.

DATED: February 15, 2018　　　　　**MCGUIREWOODS LLP**

By:　*/s/ Alexander J. Gershen*
　　　Alexander J. Gershen, Esq.
　　　Attorney for Defendant Bank of America, N.A.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ 4

I. INTRODUCTION ................................................................................................................... 7

II. FACTUAL ALLEGATIONS .................................................................................................. 7

    A. Plaintiff Sent BANA Three Notices of Dispute and BANA Timely Responds to Each ........................................................................................................ 7

    B. BANA Retains Moore Law Group To Collect Plaintiff's Debt .............................. 8

    C. Plaintiff Sent Moore Law Notices of Dispute and Plaintiff Receives Timely Responses to Each ................................................................................................... 8

III. PROCEDURAL BACKGROUND .......................................................................................... 8

IV. LEGAL STANDARD .............................................................................................................. 9

    A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) .................................................. 9

V. LEGAL ARGUMENT ............................................................................................................. 9

    A. Plaintiff's First Claim For a Violation of the Fair Credit Reporting Act Fails ........ 9

        1. Plaintiff Has No Private Right of Action Under Section 1681s-2(a) ......... 10

        2. Plaintiff Cannot State A Claim Under Section 1681s-2(b) ........................ 10

    B. Plaintiff's Claim For Breach of Contract Is Insufficient To State A Claim ........... 13

    C. Plaintiff's Claim for Negligence Fails As It Is A Derivative of Her FCRA Claim And Is Pre-Empted And Otherwise Fails To State a Claim ......................... 14

        1. Plaintiff's Claim is Pre-empted by FCRA .................................................. 14

        2. Plaintiff Still Fails to State a Negligence Claim ........................................ 15

    D. Plaintiff's Claim for Defamation Is Preempted by FCRA and Plaintiff Fails To Allege That BANA Published Any False Information ..................................... 17

    E. Plaintiff Should Not Be Granted Leave To Amend ............................................... 18

VI. CONCLUSION ...................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................9, 11, 16, 17, 18

*Benefield v. Bryco Funding, Inc.*,
    2014 WL 2604363 (N.D. Cal. 2014) ..............................................................................17, 18

*Buraye v. Equifax*,
    625 F. Supp. 2d 894 (C.D. Cal. 2008) ............................................................................15, 17

*Casault v. Federal Nat. Mortg. Ass'n*,
    915 F. Supp. 2d 1113 (C.D. Cal. 2012) ...................................................................................9

*Castaneda v. Saxon Mortg. Servs.*,
    687 F. Supp. 2d 1191 (E.D. Cal. 2009) .................................................................................16

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) .....................................................................................................9

*Davis v. Md. Bank, N.A.*,
    2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002) ...............................................................15, 17

*Desai v. Clark*,
    2011 U.S. Dist. LEXIS 84690 (N.D. Cal. 2011) ....................................................................17

*Dumas v. Kipp*,
    90 F.3d 386 (9th Cir. 1996) .....................................................................................................9

*Gorman v. Wolpoff & Abramson, LLP*,
    584 F.3d 1147 (9th Cir. 2009) ...............................................................................................17

*Griffin v. Green Tree Servicing, LLC*,
    2015 U.S. Dist. LEXIS 136367 (C.D. Cal. 2015) ..................................................................15

*Howard v. Blue Ridge Bank*,
    371 F. Supp. 2d 1139 (N.D. Cal. 2005) .................................................................................15

*Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*,
    536 F. Supp. 2d 1207 (E.D. Cal. 2008) .................................................................................17

*Knox v. Yingli Green Energy Holding Company Limited*,
    242 F. Supp. 3d 950 (C.D. Cal. 2017) ...................................................................................18

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ...............................................................................................18

*Matracia v. JP Morgan Chase Ban, N.A.*
    2011 U.S. Dist. LEXIS 128227 (E.D. Cal. 2011) ..............................................................11, 12

*McFadden v. Deutsche Bank Nat'l. Trust Co.*,
    2011 U.S. Dist. LEXIS 91010 (E.D. Cal. 2011) ........................................................................16

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ........................................................................9, 11, 16, 17, 18

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...........................................................................................9

*Neitzke v. Williams*,
    490 U.S. 319 (1989) .......................................................................................................9

*Nelson v. Chase Manhattan Mortgage Corp.*,
    282 F.3d 1057 (9th Cir. 2002) ..............................................................................10, 11, 12

*Peasley v. Verizon Wireless LLC*,
    364 F. Supp. 2d 1198 (S.D. Cal. 2005) ...............................................................................11, 12

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) .............................................................................................18

*Sui v. Southside Towing*,
    2011 U.S. Dist. LEXIS 79040 (C.D. Cal. 2011) .......................................................................10

*Taylor v. Yee*,
    780 F.3d 928 (9th Cir. 2015) ..............................................................................................9

*Townsend v. Chase Bank USA N.A.*,
    2009 U.S. Dist. LEXIS 13116 (C.D. Cal. 2009) ........................................................................18

*Woods v. Prot. One Alarm Monitoring, Inc.*,
    628 F. Supp. 2d 1173 (E.D. Cal. 2007) ...............................................................................15, 17

*Zadrozny v. Bank of New York Mellon*,
    720 F.3d 1163 (9th Cir. 2013) ............................................................................................9

**State Cases**

*First Commercial Mortgage Co. v. Reece*,
    89 Cal. App. 4th 731 (2001) ..............................................................................................11, 13

*Francis v. Dun & Bradstreet, Inc.*,
    3 Cal. App. 4th 535 (1992) ................................................................................................17

*Girard v. Delta Tower Joint Ventures*,
    20 Cal. App. 4th 1741 (1993) ............................................................................................16

*Nymark v. Heart Federal Sav. & Loan Ass'n*,
    231 Cal. App. 3d 1089 (1991) ...........................................................................................15, 16

*Otworth v. S. Pac. Transp. Co.*,
    166 Cal. App. 3d 452 (1985) .............................................................................................13

*Sanai v. Saltz*,
    170 Cal. App. 4th 746 (2009) ............................................................................................15, 17

*Wall St. Network, Ltd. v. N. Y. Times Co.*,
    164 Cal. App. 4th 1171 (2008) ..................................................................................................13

**Federal Statutes**

15 U.S.C.
    § 1681(a) .................................................................................................................................10
    § 1681a .....................................................................................................................................9
    § 1681h(e) ...............................................................................................................................14
    § 1681s-2 ....................................................................................................................10, 14, 15
    § 1681s-2(a) ................................................................................................................10, 15, 17
    § 1681s-2(b) ....................................................................................................10, 11, 12, 15, 17
    § 1681t(b)(1)(F) ...........................................................................................................14, 15, 17
    § 1692 .....................................................................................................................................11

**State Statutes**

California Business & Professions Code § 17200 ........................................................................15

Civ. Code § 44-46 .........................................................................................................................17

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................7, 9, 19

Fed. R. Civ. P. 15(a) .....................................................................................................................18

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF


## I. INTRODUCTION

Plaintiff Myung Jin Myra Kozlowski ("Plaintiff") filed this action against Bank of America, N.A. ("BANA"), The Moore Law Group, APC ("Moore"), Experian Information Solutions, Inc. ("Experian"), Defendant TransUnion, LLC ("TransUnion"), and Equifax, Inc. ("Equifax") (collectively, "Defendants"), alleging generally that all Defendants violated the Fair Credit Reporting Act ("FCRA") and furnished or reported unspecified false information. Specifically, Plaintiff attaches sixty pages of correspondences between herself and the Defendants to support her claims. However, Plaintiff fails to provide any support for her claims of wrongful conduct and her own attachments demonstrate that BANA complied with their requirements under the FCRA. Moreover, many of Plaintiff's claims are unsupported or preempted by FCRA altogether.

BANA moves to dismiss the Complaint pursuant to Fed. R. Civ. P., Rule 12(b)(6) as Plaintiff's Complaint does not state a cause of action against BANA. Plaintiff's complaint is inadequately pled and must be dismissed on this basis alone.

BANA respectfully requests the Court grant its motion to dismiss in its entirety, without leave to amend, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## II. FACTUAL ALLEGATIONS

**A.   Plaintiff Sent BANA Three Notices of Dispute and BANA Timely Responds to Each**

On March 14, 2017, Plaintiff alleges that she sent BANA a Notice of Dispute which demanded validation of an alleged account held with BANA. Compl. ¶ 1, Ex. A. Plaintiff also alleges she sent a Notice of Dispute to Experian and TransUnion on the same day. *Id.* at ¶¶ 9, Ex. H. BANA sent Plaintiff a written response on April 2, 2017. *Id.* at ¶ 2, Ex. B.[1]

On April 14, 2017, Plaintiff alleges that she sent BANA a *second* Notice of Dispute also seeking debt validation and she alleges that BANA responded on April 27, 2017, May 9, 2017, and June 16, 2017. *Id.* at ¶¶ 1-2. Plaintiff alleges she sent Experian and TransUnion disputes on

---

[1] While not pertinent to this motion, Plaintiff also alleges that Experian and TransUnion responded to the Notice of Dispute at various times throughout 2017. Compl. ¶¶ 9.

April 14, 2017, April 21, 2017, May 30, 2017 and July 12, 2017. *Id.* at ¶ 9.

Plaintiff next alleges that she sent a *third* Notice of Dispute to BANA on July 12, 2017. *Id.* at ¶ 1. BANA also responded to this Notice of Dispute on August 16, 2017 and August 21, 2017. *Id.* at ¶¶ 1-2.

**B.     BANA Retains Moore Law Group To Collect Plaintiff's Debt**

Around October 26, 2017, Plaintiff claims that Moore informed Plaintiff that it was retained by BANA and provided Plaintiff with an opportunity to dispute the alleged debt. *Id.* at ¶ 3. Moore later informed Plaintiff it intended to sue Plaintiff on behalf of BANA. *Id.* at ¶ 5.

Plaintiff alleges that Moore twice accessed Plaintiff's credit report through Experian "without prior authorization from Plaintiff." *Id.* at ¶ 6.

**C.     Plaintiff Sent Moore Law Notices of Dispute and Plaintiff Receives Timely Responses to Each**

On November 7 and 26, 2017, Plaintiff alleges that she sent Moore Law Notices of Dispute, demanding validation of an alleged debt with BANA. Compl. ¶ 7. Plaintiff alleges that Moore Law responded to both requests on November 10 and 30, 2017. *Id.* at ¶ 8.

## III.     PROCEDURAL BACKGROUND

On January 25, 2018, Plaintiff filed this complaint alleging violations of FCRA, breach of contract, negligence, defamation, and various claims alleged against co-defendants Moore Law, Experian, TransUnion, and Equifax.

Despite alleging that BANA responded to each of Plaintiff's Notice of Disputes, Plaintiff's complaint alleges upon information and belief that BANA "failed to lawfully validate debt," and is "reporting derogatory inaccurate information about Plaintiff," to CRAs. *Id.* at ¶¶ 10-11. Further, Plaintiff alleges that she disputed the allegedly inaccurate information "reported by Defendants" to the CRAs. *Id.* at ¶ 12. Plaintiff alleges that BANA "did not timely respond to Plaintiff's Notices of Dispute by providing evidence of the alleged debt to Plaintiff nor the [CRAs]." *Id.* at ¶ 13. Plaintiff also alleges, upon information and belief that BANA did not provides notice of the "disputed matter to the [CRAs]." *Id.* at ¶ 15.

Plaintiff also alleges that BANA "did not loan any of their money to Plaintiff," and failed

to disclose that information. *Id.* at ¶ 16.

## IV. LEGAL STANDARD

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to a Rule 12(b)(6) motion is proper "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Taylor v. Yee,* 780 F.3d 928, 935 (9th Cir. 2015); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). While the allegations of the complaint are generally accepted as true, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] Plaintiff's obligation to provide 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation and citation omitted); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

The Court accepts as true all well pleaded facts in the complaint and construes them in the light most favorable to the nonmoving party. *Zadrozny v. Bank of New York Mellon,* 720 F.3d 1163, 1167 (9th Cir. 2013). Factual allegations must be enough to "raise a right to relief above the speculative level." *Casault v. Federal Nat. Mortg. Ass'n*, 915 F.Supp.2d 1113, 1119 (C.D. Cal. 2012). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## V. LEGAL ARGUMENT

### A. Plaintiff's First Claim For a Violation of the Fair Credit Reporting Act Fails

Plaintiff's first claim (Count 1) alleges generally that BANA "reported inaccurate derogatory information to one or more consumer reporting agencies ["CRAs"]," in violation of the

Fair Credit Reporting Act, 15 U.S.C. § 1681a. Compl. ¶ 20. Specifically, Plaintiff alleges that she sent BANA written requests disputing information and demanding an investigation. *Id.* at ¶ 22. However, Plaintiff alleges that BANA failed to follow the notification provisions under 15 U.S.C. § 1681s-2 to investigate the claims, notify Plaintiff of the results, and notify Plaintiff if the dispute is frivolous. *Id.* at ¶¶ 22-24. However, Plaintiff's vague allegations fail to state a claim as a matter of law.

### 1. *Plaintiff Has No Private Right of Action Under Section 1681s-2(a)*

FCRA was enacted to ensure the accuracy and fairness of credit reporting. *See* 15 U.S.C. § 1681(a). Section 1681s-2(a), prohibits the reporting of inaccurate information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(a). However, there is no private right of action for claims brought under 15 U.S.C. § 1681s-2(a). *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir. 2002). Duties imposed on furnishers under 15 U.S.C. § 1681s-2(a) are enforceable only by federal or state agencies, even if the furnisher knows the reported information is inaccurate. *Nelson*, 282 F.3d at 1060.

At the onset, Plaintiff's first claim recites Section 1681s-2(a) and its general prohibition to furnish inaccurate information to any CRA. *See* Compl. ¶ 19 ("Section 623(a)…prohibits furnishers providing information to CRAs if the person has been notified by the consumer…that specific information is inaccurate."); *id.* at ¶ 20 ("Plaintiff has received no evidence that the furnishers have complied with this requirement."). *Id.* To the extent Plaintiff's first claim alleges violations arising out of alleged violations of 15 U.S.C. § 1681s-2(a), Plaintiff lacks a private right of action to bring a claim under Section 1681s-2(a), and thus, her claim fails as a matter of law. *Sui v. Southside Towing*, 2011 U.S. Dist. LEXIS 79040, *14 (C.D. Cal. 2011).

### 2. *Plaintiff Cannot State A Claim Under Section 1681s-2(b)*

To the extent Plaintiff alleges violations of FCRA under Section 1681s-2(b), her claim fails as a matter of law.

FCRA provides a private right of action for alleged violations of 15 U.S.C. § 1681s-2(b); however, a consumer cannot state a claim for violations of 15 U.S.C. § 1681s-2(b) unless she passes through the "filtering mechanism." *Nelson*, 282 F.3d at 1060. Under this mechanism, a

consumer must allege that she contacted a CRA to notify them of the dispute, the CRA determined the claim was viable, the CRA contacted the furnisher of the inaccurate credit report, and that the furnisher failed to take the remedial measures outlined in the statute. *Nelson*, 282 F.3d at 1060; *Matracia v. JP Morgan Chase Ban, N.A.* 2011 U.S. Dist. LEXIS 128227 (E.D. Cal. 2011); *see also Peasley v. Verizon Wireless LLC,* 364 F.Supp.2d 1198 (S.D. Cal. 2005) (holding that notifying the furnisher did not entitle the plaintiff to a private right of action, rather direct notification of the CRA was required.)

Plaintiff has failed to allege any of the required elements to state a claim for a violation of 15 U.S.C. § 1681s-2(b).

*First*, Plaintiff makes no allegation of an inaccuracy to her account. While Plaintiff alleges that she sent correspondences to BANA entitled a "Notice of Dispute," she fails to any inaccuracy with her account. Rather, Plaintiff's correspondences, which she attaches to her Complaint as Exhibit A, state the "claim is disputed," but do not otherwise specify an inaccuracy. Compl. ¶ 1, Ex. A.  Instead, each seek verification of the debt, along with other requests including, account documents, a "statement of Damages," an "oath of office confirming [BANA is] not violation 15 U.S.C. § 1692," insurance claims, and the name of BANA's CPA. *Id.* Plaintiff makes no mention in these correspondences that BANA furnished inaccurate credit information to a CRA.  In fact, Plaintiff attaches BANA's responses, which provided the debt validation information, and specifically requested further information [i]f your inquiry was related to credit reporting," including, account identification information, the specific information in dispute, the basis for the dispute, and documentation that supports the claim. Compl. ¶ 2, Ex. B.  Plaintiff fails to allege she provided this information regarding inaccurate reporting to BANA and her own documents attached in support demonstrate that her "Notice of Disputes" did not identify such information as well.  Since Plaintiff alleges no facts to support her claim to relief, her conclusory allegations cannot state a claim as a matter of law. *Twombly*, 550 U.S. at 570; *McGlinchy*, 845 F.2d at 810.

*Second*, Plaintiff does not allege that she reported a dispute to the credit reporting agencies regarding the account, let alone provide any evidence of such a report.  Again, Plaintiff's Complaint attaches her debt verification correspondences, and BANA's subsequent responses,

which verified the alleged debt.  Plaintiff fails to allege that she disputed the accuracy of any information which was furnished to the CRA.  Instead, Plaintiff seems to argue that her debt validation inquiries, *sent to* BANA are sufficient to create a dispute with a credit reporting agency. *See* Compl. ¶ 22 ("On more than once occasion, **Plaintiff sent a written request to Defendants BOA**…disputing the information and demanding that Defendants investigate the accuracy of the derogatory information.") (emph. added).  Since Plaintiff concedes she sent BANA a dispute, and not a credit reporting agency, she fails to state a claim for relief. *Nelson*, 282 F.3d at 1060.

*Third*, Plaintiff fails to allege that any credit reporting agency informed BANA of any dispute. Again, contrary to the process provided for in *Nelson*, Plaintiff alleges that she informed BANA of an alleged dispute.  *See* Compl. ¶ 22. Plaintiff provides no support for the theory that she can place a furnisher on notice of legal liability by informing the credit furnisher.  Rather, the case law requires that such notice is provided from a credit reporting agency, not a consumer. *Nelson*, 282 F.3d at 1060; *Matracia,* 2011 U.S. Dist. LEXIS 128227; *see also Peasley,* 364 F.Supp.2d at 1198 (holding that notifying the furnisher did not entitle the plaintiff to a private right of action, rather direct notification of the CRA was required.).

*Fourth*, even if Plaintiff followed the "filtering mechanism," and the requirements under Section 1681s-2(b) are triggered, Plaintiff concedes that BANA complied with any such notice requirements.

If proper notice is provided with regard to the accuracy of information furnished to a CRA, Section 1681s-2(b) requires that a furnisher conduct an investigation and provide notice of the results to the consumer. 15 U.S.C. § 1681s-2(b).

Here, Plaintiff alleges that BANA was required to "conduct the investigation and notify the consumer of the results within 30 days of the request." Compl. ¶ 23.  Plaintiff claims that all Defendants have "not notified Plaintiff of any determination…" *Id.* at ¶ 24.  However, Plaintiff's own complaint concedes that BANA responded and complied with each of Plaintiff's inquiries and performed the required investigation under FCRA. Plaintiff sent three debt validation requests in letters dated on March 14, April 14, and July 12, 2017, and alleges that BANA responded to each response on April 14, 2017, April 27, 2017, and August 21, 2017. Compl. ¶ 2, Ex. B.

Further, Plaintiff attaches a correspondence dated May 9, 2017 from BANA to Plaintiff which specifically states that BANA investigated the account and found the "account is reporting correctly on your credit file," and stated it is "unable to remove the account from your file." *Id.* Moreover, the attachments contain a June 16, 2017 letter from BANA to Plaintiff which repeats these finding and state thee account is "valid, due and payable," and confirms that "there has been no bank error in the handling of your account." *Id.*  In an August 16, 2017 correspondence from BANA to Plaintiff, BANA explains the results of its investigation and states it "contacted the appropriate [CRAs] and asked them to update your account as give payments past due." *Id.*  In total, Plaintiff's own allegations show that its *timely* responded to each request and fully investigated each request, as required under FCRA.  Plaintiff's allegations that BANA failed to notify Plaintiff of its determination, is thus contradicted by the allegations and exhibits themselves.  *See* Compl. ¶ 24. Since Plaintiff fails to allege any provision of FCRA that BANA violated, her claim must be dismissed with prejudice.

**B.     Plaintiff's Claim For Breach of Contract Is Insufficient To State A Claim**

Plaintiff's eighth claim (Count 8) is a vague and unsupported attempt to allege a breach a contract.  In support, Plaintiff alleges that because "Defendants did not provide any of its own money to Plaintiff," it "breached the alleged contract."  Compl. ¶ 60.  However, without more, Plaintiff's claim fails as a matter of law.

To state a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that the breach caused plaintiff's harm.  *Wall St. Network, Ltd. v. N. Y. Times Co.*, 164 Cal.App.4th 1171, 1178 (2008); *see First Commercial Mortgage Co. v. Reece,* 89 Cal.App.4th 731, 745 (2001).  "[I]f the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference."  *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 459 (1985).

Plaintiff's vague and supported claims fail as she provides nothing to support the existence of a contract.  Instead, Plaintiff concludes that all Defendants "breached the alleged contract." Compl. ¶ 60.  Without further specificity, BANA cannot ascertain what contract is at issue, or the

specific provisions allegedly breached.  Further, Plaintiff's allegations of performance, breach, and damages suffer from the same deficiencies.  Plaintiff's lone allegation, that all Defendants "did not provide any of its own money to Plaintiff," does not appear to relate to the elements for a breach of contract and should bear no relevance to the otherwise deficient claims.  As such, Plaintiff's claim fails as a matter of law.

**C.     Plaintiff's Claim for Negligence Fails As It Is A Derivative of Her FCRA Claim And Is Pre-Empted And Otherwise Fails To State a Claim**

In Plaintiff's tenth (Count 10) claim she asserts that all Defendants generally "owed duties of reasonable care" and "failed to exercise reasonable care and prudence in the reporting and collection of the disputed account." Compl. ¶¶ 85-86.  Plaintiff also alleges that all Defendants failed to exercise reasonable care in "reporting and re-reporting," "handling and reinvestigation of data about Plaintiff," and "attempted collection of the subject account," causing Plaintiff unspecified damages. *Id.* However, Plaintiff's negligence claim fails as it is preempted by FCRA. Further, BANA does not owe Plaintiff a duty of care.  Even if it did, Plaintiff fails to allege any breach, causation, or damages in support of her negligence claim.

*1.     Plaintiff's Claim is Pre-empted by FCRA*

Plaintiff's claim for negligence is merely a derivative of her statutory claim under the Fair Credit Reporting Act. *See* Compl. ¶ 86 (alleging negligence based on unspecified "reporting" and "re-reporting"). Plaintiff does not have an actionable claim for negligence, as it is preempted by FCRA.

Congress implemented Section 1681t(b)(1)(F) of the FCRA and its preemption measures to ensure that furnishers were regulated solely under the FCRA.  Therefore, all state law claims, including both statutory and common law claims, which involve BANA's responsibilities under Section 1681s-2 are preempted by Section 1681t(b)(1)(F) and Section 1681h(e). *See* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under . . . § 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies."); 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation,

invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency.").

Courts in California, including the Ninth Circuit, have determined that § 1681t(b)(1)(F) totally preempts all "state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2." *Woods v. Prot. One Alarm Monitoring, Inc*., 628 F. Supp. 2d 1173 (E.D. Cal. 2007) (holding that a defamation claim is preempted by FCRA); *Buraye v. Equifax*, 625 F. Supp. 2d 894, 899 (C.D. Cal. 2008) ("the court concludes that Buraye's state law negligence and defamation claims are preempted by the FCRA"); *See Davis v. Md. Bank, N.A.,* 2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002) (holding that a claim of defamation and intentional interference with economic advantage were preempted because they were based upon "the precise conduct which is proscribed under § 1681s 2(a)-(b)"); *see also Sanai v. Saltz,* 170 Cal.App.4th 746, 773 (2009) (holding that plaintiff's common law claims for slander and libel (and other claims) arising from defendants' alleged act(s) of reporting a false debt to credit reporting companies were entirely preempted by the FCRA); *Howard v. Blue Ridge Bank,* 371 F.Supp.2d 1139, 1144 (N.D. Cal. 2005) (dismissing plaintiff's claim for violation of California Business & Professions Code section 17200 based upon alleged inaccurate credit reporting and finding that the FCRA preempts claims for inaccurate credit reporting brought under state law). Accordingly, Plaintiff's state law negligence claim, which is merely a derivative of her FCRA claim, is preempted by the FCRA.

### 2. *Plaintiff Still Fails to State a Negligence Claim*

Even if Plaintiff's claim were not preempted, Plaintiff still cannot state a claim for negligence.

"To state a negligence claim under California law, a plaintiff must plead: (1) defendant's legal duty of care toward plaintiff, (2) defendant's breach of that duty, (3) damage or injury to plaintiff, and (4) a causal relationship between defendant's negligence and plaintiff's damages." *Griffin v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 136367, at *37 (C.D. Cal. 2015). In this context, the general rule is that a financial institution owes no legal duty of care to a borrower when its involvement in the loan "does not exceed the scope of its conventional role as a mere

lender of money." *Nymark v. Heart Federal Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (applying California law). Consistent with the ruling in *Nymark*, California courts have consistently refused to extend the "'special relationship' doctrine to include ordinary commercial contractual relationships …" or to debtor-creditor relationships in particular. *Girard v. Delta Tower Joint Ventures*, 20 Cal.App.4th 1741, 1749 (1993). This rule has been deemed to apply not only to the original lender but also to loan servicers. *McFadden v. Deutsche Bank Nat'l. Trust Co.*, 2011 U.S. Dist. LEXIS 91010, at *38 (E.D. Cal. 2011) ("Similarly, a loan servicer . . . owe[s] no legal duty to a borrower in an arms-length transaction that would support a negligence claim.").

Plaintiff cannot maintain that BANA owes Plaintiff a duty of care. First, Plaintiff's vague and unsupported allegations that all Defendants "owed duties of reasonable care," by itself fails as Plaintiff fails to allege any facts sufficient to state a claim and instead relies on a mere formulaic recitation of the elements of a negligence cause of action. *See Twombly*, 550 U.S. at 555, 570; *see also McGlinchy*, 845 F.2d at 810 ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."). To the extent Plaintiff instead relies on unspecified and unsupported allegations that all Defendants improperly handled, investigated, or attempted to collect a debt, Plaintiff's vague allegations provide nothing by way of support sufficient to state a claim.

In any event, BANA, as a lender of money on account, owes no legal duty of care to a borrower. *Nymark*, 231 Cal.App.3d at 1096; *Castaneda*, 687 F.Supp.2d at 1198 (E.D. Cal. 2009). Plaintiff fails to allege that BANA has any special relationship with Plaintiff sufficient to exceed BANA's role as a mere money lender or servicer. *Id.* Plaintiff's unsupported attempt to carve-out an exception to the rule that BANA does not owe a duty of care is insufficient because she fails to allege any facts that BANA engaged in any conduct exceeding its conventional role as lender of money. Since BANA owes Plaintiff no duty of care, Plaintiff's claim must be dismissed with prejudice.

Finally, Plaintiff's Complaint fails to allege with any sufficient support that BANA *breached* any alleged duty, *caused* Plaintiff's alleged harm, or that Plaintiff suffered any damages. Plaintiff merely states that all Defendants "caused damages to Plaintiff," without specifying

anything in support. These conclusory and unsupported allegations fail as a matter of law. *See Twombly*, 550 U.S. at 570; *see also McGlinchy*, 845 F.2d at 810. Consequently, Plaintiff's claim for negligence fails as a matter of law.

### D. Plaintiff's Claim for Defamation Is Preempted by FCRA and Plaintiff Fails To Allege That BANA Published Any False Information

In support of Plaintiff's eleventh (Count 11) claim for "defamation," she alleges that all Defendants "intentionally, published and disseminated false and inaccurate information." Compl. ¶¶ 89-90. Plaintiff basis this claim on her credit reporting claims and states that all Defendants were "notified of inaccuracies," but continued to "publish report(s) to third parties." *Id.* at ¶ 91. However, Plaintiff's claim for defamation fails as a matter of law.

The elements of defamation are: (1) the intentional publication of (2) a statement of fact that (3) is false, (4) unprivileged, and (5) has a natural tendency to injure or which causes special damage. Civ. Code § 44-46; *Desai v. Clark*, 2011 U.S. Dist. LEXIS 84690 (N.D. Cal. 2011). "Even if [plaintiff's] libel claim is not preempted…he must prove, in addition to the common law elements of libel, that the information was "false" and "furnished with malice or willful intent to injure." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1168 (9th Cir. 2009). Truth is a complete defense to a defamation claim. *Benefield v. Bryco Funding, Inc*., 2014 WL 2604363, at *5 (N.D. Cal. 2014) (citing *Francis v. Dun & Bradstreet, Inc*., 3 Cal.App. 4th 535, 541 (1992)). Thus, a defamation claim based on truthful information in a credit report will not survive the pleading stage. *Id.*

First, as addressed in Section V (C) above, Plaintiff's state law defamation claim is also preempted by the Fair Credit Reporting Act. *See supra*; *Woods*, 628 F. Supp. 2d at 1173; *Buraye*, 625 F.Supp.2d at 899; *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F.Supp.2d 1207, 1215 (E.D. Cal. 2008) ("15 U.S.C. § 1681t(b)(1)(F) preempts [plaintiff's] defamation claim based on allegations that [defendant] reported information to a credit reporting agency"); *see also Davis,* 2002 U.S. Dist. LEXIS 26468 (holding that a claim of defamation and intentional interference with economic advantage were preempted because they were based upon "the precise conduct which is proscribed under § 1681s 2(a)-(b)"); *Sanai,* 170 Cal.App.4th at 773 (holding that

plaintiff's common law claims for slander and libel (and other claims) arising from defendants' alleged act(s) of reporting a false debt to credit reporting companies were entirely preempted by the FCRA). As such, Plaintiff's claim for defamation is preempted by the FCRA.

Next, even if Plaintiff's claim were not preempted, Plaintiff fails to allege that BANA reported any "false" information, as explained above. *See supra*. Plaintiff's own allegations, and documents attached to the complaint, concede that BANA validated Plaintiff's debt upon three separate inquires.  Compl. ¶¶ 1-2.  Since the truth is a defense to a defamation claim, Plaintiff's claim fails as a matter of law. *Benefield*, 2014 WL 2604363 at *5.

Plaintiff fails to specify what, if any, information reported by BANA was false.  Plaintiff does not allege what BANA reported and does not allege what they allegedly should have reported. Instead, Plaintiff merely alleges in a conclusory matter that all Defendants disseminated "false and inaccurate information". Compl. ¶ 89.  This is not sufficient to state a claim.  Plaintiff alleges no support for her claim that BANA's reporting was false or inaccurate, and she wholly fails to plead any instance where BANA engaged in inaccurate reporting. Since Plaintiff fails specifically allege the contents of the defamatory statements, her claim fails as a matter of law. *Townsend v. Chase Bank USA N.A*., 2009 U.S. Dist. LEXIS 13116, at *7-9 (C.D. Cal. 2009) ("[W]ords constituting defamation "must be specifically identified, if not pleaded verbatim, in the complaint."); *Twombly*, 550 U.S. at 570; *McGlinchy*, 845 F.2d at 810 ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

As such, Plaintiff's claim must be dismissed with prejudice.

### E.     Plaintiff Should Not Be Granted Leave To Amend

Generally, the court should liberally grant the plaintiff leave to amend a dismissed complaint.  Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Knox v. Yingli Green Energy Holding Company Limited,* 242 F.Supp.3d 950 (C.D. Cal. 2017).  In other words, where an amendment would be futile, the Court may deny leave to amend.  *See also Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny

leave to amend when any proposed amendment would be futile.").

Here, it would be futile to grant Plaintiff leave to amend. Plaintiff's complaint is riddled with defects articulated above and any amendment would be futile. Moreover, Plaintiff's own exhibits attached in support of her complaint belie her allegations that BANA failed to respond to her debt validation requests and "disputes." Thus, there are no facts that Plaintiff can allege to cure the deficiencies in her complaint. Thus, the Court should dismiss Plaintiff's claims with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff has not, and cannot, state a cause of action against BANA. Plaintiff's complaint is riddled with generic and conclusory allegations that are insufficient to maintain a cause of action against BANA. Further, Plaintiff's own attached exhibits further demonstrate that BANA complied with FCRA by timely responding to Plaintiff's inquiries in compliance with the law. As such, BANA respectfully requests the Court grant its motion to dismiss in its entirety, without leave to amend, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

DATED: February 15, 2018         **MCGUIREWOODS LLP**

By:   */s/ Alexander J. Gershen*
Alexander J. Gershen, Esq.
Attorney for Defendant Bank of America, N.A.