Harvey M. Moore, Esq., CSB 101128
Ramin Mahdavi, CSB 247178
The Moore Law Group,
A Professional Corporation
3710 S. Susan Street, Suite 210
PO Box 25145
Santa Ana, CA 92799
(714) 431-2000

Attorneys for Defendants,
The Moore Law Group, APC, and
Harvey M. Moore

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Myung Jin Myra Kozlowski,<br><br>    Plaintiff,<br><br> vs.<br><br>Bank of America, N.A.; Equifax, Inc.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; Transunion, LLC; The Moore Law Group, APC; Harvey M. Moore In his individual capacity; and Does 1-10,<br><br>    Defendants. | Case No. 1:18-cv-00131-DAD-EPG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**<br><br>[Submitted concurrently with Notice and Motion to Dismiss; Declaration of Harvey M. Moore]<br><br>Date: 04/03/18<br>Time: 9:30 a.m.<br>Ctrm: 5<br><br>Judge: Hon. Dale A. Drozd |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………….......5

   I. INTRODUCTION…………………………………………………………….......5

   II. ARGUMENT…………………………………………………………….……...8

      A. Legal Standard………...……………………………………………………...8

      B. Count 1 Of Plaintiff's Complaint For Alleged Violations Of The FCRA Fails To State A Claim For Which Relief Ca Be Granted……………………......…9

         1. Plaintiff's Claims Are Almost Entirely Based On Provisions Of The FCRA Wherein There Is No Private Right Of Action Under 15 USC Section 1681s-2(a)……………………………………………………..9

         2. TMLG Is Not A Furnisher Of Information Under The FCRA And Therefore Cannot Be Liable Under 15 USC Section 1681s-2(b)(1)(A)....11

         3. TMLG Had A Permissible Purpose To Pull Plaintiff's Credit Report.......12

      C. Count 2 Of Plaintiff's Complaint For Alleged Violations Of The FDCPA Fails To State A Claim For Which Relief Can Be Granted……………………….…14

      D. Count 3 Of Plaintiff's Complaint For Alleged Violation Of The FDCPA Fails To State A Claim For Which Relief Can Be Granted………………………….15

      E. Count 10 Of Plaintiff's Complaint For Alleged Negligence Fails To State A Claim For Which Relief Can Be Granted……………………………………...16

      F. Count 11 Of Plaintiff's Complaint for Alleged Defamation Fails To State A Claim For Which Relief Can Be Granted……………………………………...17

      G. Plaintiff's Complaint Fails To State A Count For Alleged Violation Of The RFDCPA…………………………………………………………………………17

      H. Plaintiff's Complaint Is Missing Count 4………………………….………….18

   III. CONCLUSION…………………………………………………………...……..18

# TABLE OF AUTHORITIES

**Cases:**                                                                                                    **Page:**

*Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949-1950……………………...…………8-9, 12

*Bell Atlantic Corp v. Twombly* (2007) 550 U.S. 544, 555…………………………………...11

*Bey v. Hollingsworth* (E.D. Cal, 2017) 2017 WL 495777, 3……………………….....….11

*Kacludis v. GTE Sprint Communications Corp.* (ND Cal, 1992) 806 F.Supp. 866, 870...8

*Gorman v. Wolpoff & Abramson, LLP* (Ct. of Appeals, 9th Cir., 2009)
    584 F.3d 1147, 1162……………………………………………………………………10-11

*Marshall v. Swift River Academy, LLC* (Ct. of Appeals, 9th Cir., 2009)
    2009 WL 1112768, 1……………………………………………………………………….11

*Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 969………………..……....…9

*Pintos v. Pacific Creditors Association et al* (US Ct. of Appeals, 9th Circuit, 2010)
    605 F.3d 665, 674……………………………………………………………………….13

*Robertson v. Dean Witter Reynolds, Inc.* (9th Cir 1984) 749 F.2d 533-534……...…..……..8

*Shaw v. Experian Information Solutions, Inc.* (SD Cal, 2014) 49 F.Supp.3d 702………...12

**Statutes & Rules:**

15 USC Section 1681b……………………………………………………..…………...……13

15 USC Section 1681b(a)……………………………………………………...……………13

15 USC Section 1681b(a)(3)(A)……………………………………………………………5, 13

15 USC Section 1681s-2(a)…………………………………………………...........…5, 9-11

15 USC Section 1681s-2(a)(7)……………………………………………………………10

15 USC Section 1681s-2(a)(8)(F)…………………………………………………............10

15 USC Section 1681s-2(b)…………………………………………...……………...…5, 11

15 USC Section 1681s-2(b)(1)(A)…………………………………………………….......5, 11

15 USC Section 1681s-2(c)…………………………………………………………………10

15 USC Section 1681s-2(d)…………………………………………………………………10

15 USC Section 1692e………………………………………………………………………14

15 USC Section 1692e(8)……………………………………………………..……………..14

15 USC Section 1692f.………………………………………………………………………15

15 USC Section 1692g(b)………………………………………………...…………………15

California Civil Code Section 1788……………………………………………...………..17

Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2)……………………..……10-11

Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6)………….. ………………...…8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Plaintiff, Myung Jin Myra Kozlowski ("Plaintiff") has failed to site to any actionable conduct on behalf of Defendant, The Moore Law Group, APC ("TMLG") and Harvey M. Moore (collectively "Defendants") in connection with the Complaint. The Complaint is retaliatory in nature and seeks to punish Defendants for representing Defendant, Bank of America, N.A. ("Bank of America") in connection with the collection of credit card account ending 4064 ("Account") issued to Plaintiff (Complaint, Par. 11-12 of Page 5; Par. 5 of Page 6; Exhibit D).

Count I of Plaintiff's Complaint for alleged violations of the Fair Credit Reporting Act ("FCRA") fails to state a claim upon which relief can be granted as all, except one provision of Plaintiff's FCRA Count are based on provisions where there is no private right of action under 15 *USC* Section 1681s-2(a), wherein only federal and state agencies/officials can bring said claim (Complaint, Par. 19 of Page 7-8, Par. 23-24 of Page 8).

As to the only remaining actionable provision made by Plaintiff under the FCRA, that furnishers of information to the credit reporting agencies (collectively "CRAs") are required to conduct an investigation when the furnisher receives notice of dispute from the CRAs under 15 *USC* Section 1681s-2(b) (Complaint, Par. 20 of Page 8), this provision does not apply to TMLG as it does not report information to the CRAs in connection with

its collection practice and did not report information on the subject account (Declaration of Harvey M. Moore ("Moore Decl.") concurrently filed , Par. 2-4). Critically absent from the Complaint and its exhibits, is any proof that TMLG reported information regarding the Account to the CRAs. This claim is completely conclusory. Accordingly, TMLG is not a furnisher of information and thereby the duties of a furnisher of information, including to conduct an investigation with respect to the disputed information, under 15 *USC* Section 1681s-2(b)(1)(A) does not apply to the TMLG.

Additionally, Plaintiff also alleges Defendants accessed Plaintiff's credit report without prior authorization (Complaint, Par. 6 of Page 6). However, Plaintiff's Account was placed with TMLG for collection by Bank of America, and therefore TMLG had a permissible purpose to pull Plaintiff's credit report pursuant to 15 *USC* Section 1681b(a)(3)(A) (Complaint, Par. 4 of Page 6; Exhibit C).

Plaintiff's claims against Defendants for alleged violations of the FDCPA under Count 2 and 3 are also baseless. Plaintiff alleges that Defendants were collecting on the Account which they knew or avoided knowing did not belong to Plaintiff (Par. 29 of Page 9, Par. 34 of Page 10). However, Plaintiff fails to set forth any evidence to substantiate this allegation and it is completely conclusory.

Plaintiff then claims that Defendants ignored Plaintiff's disputes on the Account (Complaint, Par. 34 of Page 10) which is a nonsensical allegation when the evidence

presented in Plaintiff's Complaint clearly show that Defendants responded in writing to each and every dispute received by Plaintiff (Complaint, Par. 7-8 of Page 6; Exhibits F-G).

Furthermore, Defendants cannot be held liable for any alleged false or inaccurate reporting to the CRAs under the FDCPA (Complaint, Par. 28 of Page 9; Par. 34 of Page 10) as TMLG does not furnish any information to the CRAs ("Moore Decl., Par. 2-4).

Count 10 of Plaintiff's Complaint for alleged Negligence also fails to state a claim as it is largely based on communications made to the CRAs (Complaint, Par. 86 of page 19) which did not occur as TMLG does not report information to the CRAs (Moore Decl., Par. 2-4). Furthermore, the claim that TMLG did not exercise reasonable care with respect to collection of the Account (Complaint, Par. 86 of Page 19) also fails as evidence presented in the Complaint shows quite the opposite, that TMLG responded in writing to each and every dispute made by Plaintiff (Par. 6-7 of Page 6; Exhibits F-G).

Count 11 of the Complaint based on Defamation similarly fails as it is based on the alleged reporting of inaccurate information to the CRAs (Complaint, Par. 88-93, Pages 19-20) when TMLG did not report information of the Account to the CRAs (Moore Decl., Par. 2-3).

Additionally, Plaintiff improperly couples a claim for alleged violation of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA") with the FDCPA which is entirely improper (Complaint, Par. 2 of Page 2). If Plaintiff seeks to hold Defendants liable

under the RFDCPA, a separate and distinct claim must be made with the outline of said provisions that were allegedly violated.

Lastly, Count 4 of Plaintiff's Complaint is missing and it is unclear if that Count was purposefully omitted.

## II.
## ARGUMENT

### A. Legal Standard

Under Federal *Rules of Civil Procedure* ("FRCP") Rule 12(b)(6), a "complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory." *Kacludis v. GTE Sprint Communications Corp.* (N.D. Cal. 1992) 806 F. Supp. 866, 870; quoting *Robertson v. Dean Witter Reynolds, Inc.* (9th Cir. 1984) 749 F.2d 533 – 534. A party may assert a defense to a pleading by a motion based on a party's failure to state a claim upon which relief may be granted.

Under FRCP Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleading is entitled to relief." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949-50; *citing Bell Atlantic Corp v. Twombly* (2007) 550 U.S. 544, 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where

8
Memorandum of Points and Authorities – Motion to Dismiss– Case No. 1:18-cv-00131-DAD-EPG

"the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, *supra,* 129 S. Ct. at 1950; quoting Fed. R. Civ. Proc. 8(a)(2).

"In sum, for a complaint to survive a motion to dismiss, **the non-conclusory factual content**, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (Emphasis Added). *Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 969.

B. <u>Count 1 Of Plaintiff's Complaint For Alleged Violations Of The FCRA Fails To State A Claim For Which Relief Can Be Granted</u>

1. **Plaintiff's Claims Are Almost Entirely Based On Provisions Of The FCRA Wherein There Is No Private Right Of Action under 15 USC Section 1681s-2(a)**

All, except one provision, of Plaintiff's FCRA count are based on provisions where there is no private right of action under 15 *USC* Section 1681s-2(a), wherein only federal and state agencies/officials can bring such an action.

Plaintiff alleges that: (1) Section 632(a) [15 *USC* Section 1681s-2(a)] of the FCRA describes the duties of furnishers to provide accurate information to the CRAs and Section 623(a)(1)(B) [15 *USC* Section 1681s-2(a)] prohibits furnishers from providing information relating to any consumer to the CRAs if notified at the designated address that specific information is inaccurate and the information is in fact inaccurate (Complaint, Par. 19);

(2) Defendants are required to conduct the investigation and notify the consumer of the results within 30 days of the request [15 USC Section 1681s-2(a)(7) (Complaint, Par. 23); and

(3) Defendants have not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within 5 days as required [15 USC Section 1681s-2(a)(8)(F)], and that Defendants have continued to report inaccurate information, or failed to report true information to the CRAs after receiving notice of the inaccuracy (Complaint, Par. 24).

However, the above allegations all fall under 15 *USC* Section 1681s-2(a) wherein there is no private right of action, as specifically provided in section 15 *USC* Section 1681s-2(c) and 15 *USC* Section 1681s-2(d).

15 *USC* Section 1681s-2(c) states in pertinent part:

*Limitation on Liability.* Except as provided in section 621(c)(1)(B) [state actions for violations], sections 616 [15 USC Section 1681n - civil liability for willful noncompliance] and 617 [15 USC Section 1681o – civil liability for negligent noncompliance] do not apply to any violation of –
   **(1)subsection (a) of this section, including any regulations issued thereunder;** (Emphasis Added).

Furthermore, 15 *USC* Section 1681s-2(d) states:

*Limitation on enforcement*. The provisions of law described in paragraphs (1)…of subsection (c) [15 USC Section 1681s-2(c)]…**shall be enforced exclusively as provided under section 621 by the Federal agencies and officials and the State officials identified in section 621.** (Emphasis Added).

A number of courts have held that consumers have no private right of action under 15 USC Section 1681s-2(a). *See Gorman v. Wolpoff & Abramson, LLP* (Ct. of Appeals, 9th

Cir., 2009) 584 F.3d 1147, 1162; *Marshall v. Swift River Academy, LLC* (Ct. of Appeals. 9th Cir, 2009) 2009 WL 1112768, at 1. "It is well-settled however, that there is no private right of action for violations of section 1681s-2(a)." *Bey v. Hollingsworth* (E.D. Cal, 2017) 2017 WL 495777, at 3.

Lastly, it seems Plaintiff also concedes that a private right of action cannot be brought under 15 *USC* Section 1681s-2(a) by stating (correctly) that a private right of action can be brought under 15 *USC* Section 1681s-2(b) (Complaint, Par. 26).

As such, Plaintiff's claims based on alleged violations of 15 *USC* Section 1681s-2(a) cannot legally stand.

2. **TMLG Is Not A Furnisher Of Information Under The FCRA And Therefore Cannot Be Liable Under 15 USC Section 1681s-2(b)(1)(A)**

The only actionable claim made by Plaintiff under the FCRA is that that furnishers of information to the CRAs are required to conduct an investigation when the furnisher receives a notice of dispute from a CRA [15 USC Section 1681s-2(b)(1)(A)] (Complaint, Par. 20).

However, it is critical that TMLG be a furnisher of information, as that provision governs specifically "Duties of Furnishers of Information upon Notice of Dispute." 15 *USC* section 1681s-2(b).

A "furnisher of information" for purposes of the FCRA, is an entity which transmits information concerning a particular debt owed by a particular consumer to consumer

11
Memorandum of Points and Authorities – Motion to Dismiss– Case No. 1:18-cv-00131-DAD-EPG

reporting agencies. *See Shaw v. Experian Information Solutions, Inc.* (SD Cal, 2014) 49 F.Supp.3d 702.

However, TMLG does not furnish any information regarding the accounts placed with it for collection to the consumer credit reporting agencies As such, TMLG never provided any information to the credit reporting agencies regarding Plaintiff's Bank of America Account in question (Declaration of Harvey M. Moore concurrently filed, Par. 2-4).

Furthermore, it seems Plaintiff concedes that Defendants need to be furnishers of information under the FCRA in order to be liable (Complaint, Par. 1).

Critically absent from the Complaint and its exhibits, is any proof that TMLG reported information regarding the Account to the CRAs. This allegation is completely conclusory and the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See, Ashcroft v. Iqbal* (2009) 556 U.S. 662, at 678.

Accordingly, TMLG cannot be liable for allegedly failing to conduct an investigation after receipt of notice of dispute under 15 *USC* Section 1681s-2(b). As such, this claim is subject to dismissal for failing to state a claim upon which relief can be granted.

**3. TMLG Had A Permissible Purpose To Pull Plaintiff's Credit Report**

Plaintiff further claims that on or about October 11, 2017, Defendants accessed Plaintiff's credit report without prior written authorization from Plaintiff (Complaint, Par. 6; Exhibit E.

However, Plaintiff's Bank of America credit card Account was placed with TMLG for collection, and therefore TMLG had a permissible purpose to pull Plaintiff's credit report pursuant to 15 *USC* Section 1681b(a)(3)(A) (Complaint, Par. 4; Exhibit C).

15 *USC* Section 1681b(a)(3)(A) specifically allows a collection law firm such as TMLG to pull a debtor's credit report in connection with collecting on a delinquent credit card account. Section 1681b governs permissible purposes for pulling of consumer reports.

15 *USC* Section 1681b states in part:

(a)"Subject to subjection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other…
 (3) To a person which it has reason to believe…
 (A) intends to use the information in connection with a credit transaction involving the consumer whom the information is to be furnished and involving the extension of credit to, or review or **collection of an account** of, the consumer; or…"
(Emphasis Added)

To qualify under 15 *USC* Section 1681b(a), the "credit transaction" must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the customer. *Pintos v. Pacific Creditors Association et al* (US Ct. of Appeals, 9th Circuit, 2010) 605 F.3d 665, 674.

Here, TMLG pulled Plaintiff's credit report for the use of information in connection with a credit transaction involving Plaintiff and involving the review or collection of the Bank of America Account belonging to Plaintiff. This conduct is specifically allowed by

statute. As such, Plaintiff's claim is subject to a motion to dismiss for failure to state a claim upon which relief can be granted.

### C. Count 2 Of Plaintiff's Complaint for Alleged Violations Of The FDCPA Fails To State A Claim For Which Relief Can Be Granted

Plaintiff's unsubstantial claims include that Defendants violated FDCPA by using, false, deceptive, or misleading representations or means in connection with the collection of a debt [15 USC Section 1692e], including communication or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [15 USC Section 1692e(8)] (Complaint, Par. 28). More specifically, Plaintiff claims that Defendants violated the above provisions by allegedly failing to communicate to the CRAs to which it reported that the debt is disputed (Complaint, Par. 28).

However, as mentioned above, TMLG cannot be held liable for failing to communicate to the CRAs that the debt is disputed due to the simple fact that it does not furnish any information regarding the accounts placed with it for collection to the CRAs, and thus, never did so with respect to the Account in question (Moore Decl., Par. 2-4).

Plaintiff then makes the conclusory claim that Defendants have attempted to collect on false accounts that may not belong to Plaintiff (Complaint, Par. 29). This allegation is completely conclusory and lacks any factual backing or evidence.

As such, Defendants cannot be held liable for alleged violations of the FDCPA.

### D. Count 3 Of Plaintiff's Complaint For Alleged Violations Of The FDCPA Fails To State A Claim For Which Relief Can Be Granted

Plaintiff claims that Defendants are liable for using unfair or unconscionable means to collect or to attempt to collect a debt under 15 *USC* Section 1692f by collecting an alleged indebtedness from Plaintiff which Defendants knew or avoiding knowing was not due from Plaintiff, (2) Plaintiff ignored disputes as to the Account, and (3) reported false credit reporting communication to the CRAs (Complaint, Par. 34).

First, Plaintiff's claim that Defendants were collecting on the Account that they knew or avoided knowing was not due for Plaintiff is completely conclusory. Plaintiff fails to bring forward any evidence at all to substantiate this claim.

Second, the evidence presented by Plaintiff completely contradict Plaintiff's allegations that Defendants ignored Plaintiff's disputes. In fact the allegations and evidence of Plaintiff's Complaint clearly show that Plaintiff first disputed the debt with Defendants by letter dated November 7, 2017 (Complaint, Par. 7; Exhibit F). Approximately three days later, and pursuant to 15 *USC* Section 1692g(b), on November 10, 2017, Defendants promptly responded by providing the necessary information along with referencing and providing the monthly billing statements of the Account (Complaint, Par. 8; Exhibit G). Monthly statements from October 7, 2015 to September 7, 2017 were produced with the letter of response but were not attached to Plaintiff's Complaint. On November 26, 2017, Plaintiff send another dispute letter to Defendants (Complaint, Par. 7; Exhibit F). On November 30, 2017, and pursuant to 15 *USC* Section 1692g(b), Defendants

provided another letter of response with the necessary information (Complaint, Par. 8; Exhibit G). As such, it is clear that Defendants did not ignore Plaintiff's disputes.

Third, Defendants cannot be held liable for allegedly reporting false credit reporting and communications to the CRAs due to the simple fact that it does not furnish any information regarding the accounts placed with it for collection to the consumer credit reporting agencies, and that includes the Account in question (Moore Decl, Par. 2-4).

As such, Defendants cannot be held liable for any alleged violation of the FDCPA.

### E. Count 10 Of Plaintiff's Complaint for Alleged Negligence Fails To State A Claim For Which Relief Can Be Granted

Defendants cannot be held liable for any alleged negligence. Plaintiff claims that Defendants did not exercise reasonable care and prudence in the reporting of the account to the CRAs and the collection of the Account (Par. 86) which cannot be possible since TMLG does not report account information to the CRAs (Moore Decl., Par. 2-4).

As to the claim that Defendants did not exercise reasonable care in the collection of the Account, that claim is completely conclusory and lacks any evidence. To the contrary, the evidence presented by Plaintiff shows that Defendants promptly responded to the disputes of the Account including providing monthly Account statements (Par. 7-8, Exhibits F-G).

As such, Defendants cannot be held liable for any alleged claim of negligence.

### F. Count 11 Of Plaintiff's Complaint for Alleged Defamation Fails To State A Claim For Which Relief Can Be Granted

Plaintiff's defamation claim centers around Defendants allegedly reporting false information to the CRAs (Complaint, Par. 89-93).

Defendants cannot be held liable for any alleged defamation. TMLG cannot be held liable for failing to communicate to the CRA that the debt is disputed due to the simple fact that it does not furnish any information regarding the accounts placed with it for collection to the consumer credit reporting agencies, and thus, never did so with respect to the Account in question (Moore Decl., Par 2-4).

As such, Defendants cannot be held liable for any alleged claim for Defamation.

### G. Plaintiff's Complaint Fails To State A Cause Of Action For Alleged Violation Of The RFDCPA

Plaintiff's Complaint seeks to improperly lump together a Count based on the FDCPA with the RFDCPA (Complaint, Par. 2). This is entirety improper. Although, the RFDCPA is based on the FDCPA, it has its own unique body of law, including statutory provisions under California *Civil Code* Section 1788 et seq. Plaintiff fails to state a separate cause of action under the RFDCPA. In fact, the FDCPA Counts II and III only mention the FDCPA (Complaint, Par. 27-38). To the extent that Plaintiff is seeking to plead a cause of action for the RFDCPA under the FDCPA counts, such act is legally improper.

Plaintiff must clearly allege a separate Count under the RFDCPA and state exactly what provisions were allegedly violated by the Defendants in order to properly plead such

a cause of action. Plaintiff's claim is completely lacking any content whatsoever, and therefore it is subject to a motion to dismiss for failing to state a claim upon which relief can be granted.

### H.  Plaintiff's Complaint Is Missing Count 4

Plaintiff's Complaint is completely missing Count 4 and it is unclear whether the court was purposefully omitted or not. As such, this missing count fails to state a claim upon which relief can be granted.

## III.
## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant their Motion to Dismiss the Complaint pursuant to FRCP, Rule 12(b)(6), and without leave to amend.

Dated:   February 23, 2018          The Moore Law Group, APC


By:  /s/ Ramin Mahdavi

Ramin Mahdavi
Attorneys for Defendants

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action. My business address is 3710 South Susan Street, Suite 210, Santa Ana, CA 92704.

On February 23, 2018, I served the within document entitled: **Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Complaint Pursuant To Federal Rules Of Civil Procedure Rule 12(b)(6)** by placing a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Myung Jin Myra Kozlowski<br>3816 Vista De Lago Ct.<br>Bakersfield, CA 93311 | |

☒ **BY MAIL:** I am "readily familiar" with this firm's practice of collection, processing, and depositing mail, with postage fully prepaid, with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that, on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused said envelope(s) to be delivered by overnight delivery service to the office(s) of the addressee(s).

☒ **FEDERAL:** I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed on February 23, 2018, at Santa Ana, California.

_____/s/ Ramin Mahdavi_____
RAMIN MAHDAVI