| | |
|---|---|
| MYUNG JIN MYRA KOZLOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | No. 1:18-cv-00131-DAD-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. Nos. 14, 15) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter came before the court on two separate motions to dismiss. (Doc. Nos. 14, 15.) A hearing on the motions was held on April 17, 2018. Plaintiff Kozlowski appeared on her own behalf at that hearing. Attorney Alexander J. Gershen appeared on behalf of defendant Bank of America, N.A., and attorney Ramin Mahdavi appeared on behalf of defendants The Moore Law Group, APC and Harvey M. Moore. Attorney Scott Brady appeared on behalf of defendant TransUnion, LLC and attorney Donna Woo appeared on behalf of Experian Information Solutions, Inc. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant the defendants' motions to dismiss and also grant plaintiff leave to file an amended complaint.

**BACKGROUND**

Plaintiff's complaint alleges as follows. On March 14, April 14, and July 12, 2017, plaintiff sent Bank of America, N.A. ("BANA") notices of dispute, demanding validation of an

1

alleged account with BANA.  (Doc. No. 1 ("Compl.") at 5.)  On April 4, April 27, May 9, June 16, August 16, and August 21, 2017, BANA responded to plaintiff's notices of dispute.  (*Id.*)

On October 26, 2017, The Moore Law Group ("TMLG") sent plaintiff a letter informing her that it had been retained by BANA to collect on the debt, and provided plaintiff an opportunity to dispute the alleged debt.  (*Id.* at 6.)  On December 6, 2017, TMLG sent plaintiff a letter stating their intent to sue plaintiff on behalf of BANA.  (*Id.*)  Plaintiff alleges that on October 11, October 25, and November 22, 2017, TMLG accessed plaintiff's credit report through defendant Experian, without plaintiff's authorization.  (*Id.*)

On November 7 and November 26, 2017, plaintiff sent TMLG notices of dispute, again demanding validation of an alleged account with BANA.  (*Id.*)  On November 10 and November 30, 2017, TMLG responded to plaintiff's notices of dispute.  (*Id.*)

Plaintiff alleges generally that defendants BANA and TMLG have failed to lawfully validate the alleged debt, failed to timely respond to plaintiff's notices of dispute, and reported derogatory and inaccurate information about plaintiff to one or more consumer reporting agencies.[1]  (*Id.* at 6–7.)

On January 25, 2018, plaintiff filed this action against BANA, Equifax, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc., TransUnion, LLC, TMLG, and Harvey M. Moore, alleging violations of the Fair Credit Reporting Act, violations of the Fair Debt Collection Practices Act, breach of contract, negligence, and defamation.  (Doc. No. 1.)  On February 15, 2018, defendant BANA filed a motion to dismiss.  (Doc. No. 14.)  On February 23, 2018, defendants TMLG and Harvey M. Moore (collectively "Moore defendants") also filed a motion to dismiss.  (Doc. No. 15.)  Plaintiff filed oppositions on February 28 and March 7, 2018.  (Doc. Nos. 21, 31.)  The Moore defendants filed a reply in support of their motion to dismiss on March 26, 2018.  (Doc. No. 39.)  BANA filed a reply in support of its motion to dismiss on April 10, 2018.  (Doc. No. 41.)

/////

---

[1] Plaintiff's complaint includes additional allegations against the remaining defendants not relevant to the motions to dismiss now pending before the court.

2

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A. Fair Credit Reporting Act**

Plaintiff's first cause of action is brought against defendants BANA and TMLG for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. Plaintiff alleges that on multiple

occasions, BANA reported inaccurate and derogatory information to one or more consumer reporting agencies, in violation of § 1681s-2(a). (Compl. at 8.) Plaintiff further alleges that, despite having sent written requests to BANA and TMLG demanding that they investigate the accuracy of the information they reported, BANA and TMLG failed to investigate the claims and notify plaintiff of the results, in violation of § 1681s-2(b). (*Id.*)

Under the FCRA, furnishers of information[2] to consumer reporting agencies have two distinct duties: first, under § 1681s-2(a), furnishers have a duty to provide accurate information; and second, under § 1681s-2(b), furnishers have a duty to investigate upon receipt of a notice of dispute from a consumer reporting agency. *See Bey v. Hollingsworth*, No. 2:16-cv-02248 MCE GGH, 2017 WL 495777, at *3 (E.D. Cal. Feb. 6, 2017). Defendants argue that plaintiff does not have a private right of action for claims under § 1681s-2(a). (Doc. No. 14 at 10; Doc. No. 15-1 at 9–11.) With respect to plaintiff's allegations under § 1681s-2(b), defendant BANA argues that plaintiff fails to state a claim (Doc. No. 14 at 10–13), while the Moore defendants argue that TMLG is not a furnisher of information under the FCRA and therefore cannot be liable pursuant to that section. (Doc. No. 15-1 at 11–12.) The court will address these arguments in turn.

1. § 1681s-2(a)

Defendants argue in both motions to dismiss that plaintiff has no private right of action for claims brought under § 1681s-2(a). (Doc. No. 14 at 10; Doc. No. 15-1 at 9–11.) The Ninth Circuit has held that duties imposed on furnishers of credit information under § 1681s-2(a) are enforceable only by federal or state agencies. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) ("[T]he statute expressly provides that a claim for violation of this requirement can be pursued only by federal or state officials, and not by a private party."); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies."); *see*

---

[2] Although the FCRA does not define the term "furnisher of information," courts have defined the term to refer to a person or entity that provides information about a consumer to any consumer reporting agency. *See Ali v. Capital One*, No. 1:11-cv-02115-LJO-SKO, 2012 WL 260023, at *3 n.2 (E.D. Cal. Jan. 27, 2012); *Wang v. Asset Acceptance LLC*, No. C 09-04797 SI, 2010 WL 2985503, at *2 (N.D. Cal. July 27, 2010).

4

*also Bey*, 2017 WL 495777, at *3 ("It is well-settled . . . that there is no private right of action for violations of section 1681s-2(a).").

Plaintiff fails to address the decisions relied upon by defendants in support of their argument that this claim is subject to dismissal.[3] In her oppositions, plaintiff instead simply states that she has a private right of action under § 1681s-2(a), and quotes an unrelated provision that does not stand for that proposition. (*See* Doc. No. 21 at 8–9; Doc. No. 31 at 6 (quoting § 1681s-2(a)(8)(A), which provides that the Consumer Financial Protection Bureau shall prescribe regulations identifying the circumstances under which a furnisher, in response to the request of a consumer, shall be required to reinvestigate a dispute regarding the accuracy of information contained in a consumer report).) Plaintiff's claim under § 1681s-2(a) within her first cause of action under the FCRA will therefore be dismissed with prejudice.

  2. § 1681s-2(b)

Under § 1681s-2(b), after receiving notice of a dispute provided by a consumer to a consumer reporting agency, a furnisher of information must conduct an investigation with respect to the disputed information, report the results of the investigation to the consumer reporting agency, and follow additional procedures to correct any inaccuracies identified by such investigation. *See* 15 U.S.C. § 1681s-2(b).

To prevail on a claim under § 1681s-2(b), a plaintiff must allege that (1) she notified a consumer reporting agency of a dispute regarding the accuracy of an account; (2) the consumer reporting agency notified the furnisher of the information; and (3) the furnisher failed to take the remedial measures required by statute. *See Matracia v. JP Morgan Chase Bank, N.A.*, No. 2:11-190 WBS JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011) (citing 15 U.S.C. § 1681s-2(b)). The Ninth Circuit has held that a furnisher's duty to investigate is thus triggered "only after the furnisher receives notice of dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154; *see also Bey*, 2017 WL 495777 at *3 ("[T]he duty to investigate

---

[3] Of course, the decisions of the Ninth Circuit are binding on this court.

5

is triggered only after the furnisher receives notice of dispute from a consumer reporting agency.") (internal citation, brackets, and quotation marks omitted).

Here, plaintiff has attached copies of the notices of dispute she sent to BANA in March, April, and July 2017. (Compl. at Ex. A.) These notices of dispute indicate that carbon copies were sent to consumer reporting agencies, including defendants Equifax, Experian, and TransUnion. (*Id.*) Plaintiff also attaches notices of dispute that she sent directly to consumer reporting agencies Experian and TransUnion. (Compl. at Ex. H.) While BANA argues that plaintiff does not allege that she reported a dispute to consumer reporting agencies regarding her account (*see* Doc. No. 14 at 11), the court finds that the documents attached as exhibits to plaintiff's complaint, which are properly considered on a motion to dismiss, *see Lee*, 250 F.3d at 688–89, demonstrate otherwise.

Plaintiff fails, however, to adequately allege the second and third elements of a claim under § 1681s-2(b). Plaintiff does not allege in her complaint that a consumer reporting agency notified the furnisher—here, BANA—of a dispute, which is required to trigger BANA's duty to investigate. *See Gorman*, 584 F.3d at 1154. Even if BANA's duty to investigate had been triggered, plaintiff's allegations that BANA failed to conduct an investigation and timely respond to plaintiff are contradicted by the complaint itself. The correspondence attached to the complaint reveals that plaintiff sent three debt verification requests to BANA on March 14, April 14, and July 12, 2017, and that BANA responded to the requests on April 4, April 27, May 9, June 16, August 16, and August 21, 2017, wherein BANA either requested additional information from plaintiff to be able to validate her debt, or substantively responded to plaintiff's notice of dispute. (Compl. at 5 & Exs. A, B.) In particular, BANA's correspondence with plaintiff on May 9, 2017 states that, following an investigation, BANA determined that plaintiff's account "is reporting correctly" and that it was "unable to remove the account from your credit file." (Compl. at Ex. B.) BANA's correspondence with plaintiff on June 16, 2017 summarized its investigation and concluded that "the above-referenced account is valid, due and payable," and that "there has been no bank error in the handling of your account." (*Id.*) The June 16, 2017 letter further enclosed copies of plaintiff's original application and monthly billing statements. (*Id.*) Because plaintiff

does not allege that a consumer reporting agency notified BANA of a dispute, and because plaintiff has otherwise failed to allege facts identifying any deficiency in the manner in which BANA responded to her notices of dispute, plaintiff fails to state a claim against BANA under § 1681s-2(b).

The Moore defendants separately argue that plaintiff's first cause of action against them under § 1681s-2(b) must be dismissed because TMLG is not a furnisher of information under the FCRA, and therefore cannot be held liable under the provisions of § 1681s-2(b). (Doc. No. 15-1 at 11–12.) TMLG maintains that it does not furnish *any* information regarding accounts placed with it for collection to consumer reporting agencies, and thus never did so with respect to plaintiff's account in question. (Doc. No. 15-2 ("Moore Decl.") at ¶¶ 2–4.) Plaintiff's opposition does not contest that TMLG is not a furnisher and, in fact, plaintiff's complaint characterizes TMLG as "a debt collector as defined by 15 U.S.C. § 1692a(6)." (Compl. at 5.)

While plaintiff does state in her opposition to the pending motions that TMLG impermissibly accessed her credit report on various occasions (*see* Doc. No. 31 at 7), she fails to specify in what way the claimed accessing was impermissible. Rather, plaintiff denounces the automated system by which consumer reporting agencies purportedly "simply accept[] that the collector or furnisher making the request [for a credit report] must be telling the truth," rather than certifying on an individual basis whether a request has a legitimate purpose. (*Id.* at 9.) Plaintiff's allegations in this regard relate neither to TMLG nor to § 1681s-2(b). TMLG is not subject to the requirements of § 1681s-2(b), and plaintiff's other allegations in support of this cause of action are otherwise unrelated to § 1681s-2(b). Thus, plaintiff fails to state a claim against TMLG under § 1681s-2(b).

Because plaintiff does not have a private right of action under § 1681s-2(a) and fails to state a claim against BANA or TMLG under § 1681s-2(b), plaintiff's first cause of action under the FCRA will be dismissed.

**B. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8)**

Plaintiff's second cause of action is brought against the Moore defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), which prohibits

7

"[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Plaintiff alleges that defendants failed to communicate to consumer reporting agencies that the debt is disputed, and have used false, deceptive, or misleading representations or means to attempt to collect on "false accounts that may not belong to Plaintiff." (Compl. at 9.)

The Moore defendants argue that plaintiff fails to state a claim under the FDCPA because TMLG does not furnish any information regarding the accounts placed with it for collection to consumer reporting agencies, and that plaintiff's allegations are otherwise wholly conclusory. (Doc. No. 15-1 at 14.)

Plaintiff responds in opposition that the Moore defendants "had a duty to investigate the alleged debt . . . and report that dispute to the [consumer reporting agencies]." (Doc. No. 31 at 9.) Plaintiff cites no authority for this purported duty, and the court has located none. Plaintiff has otherwise failed to allege any facts to suggest that defendants attempted to collect on "false accounts" or that the Moore defendants knew or should have known plaintiff's credit information to be false. *See* 15 U.S.C. § 1692e(8). As such, plaintiff's cause of action under 15 U.S.C. § 1692e(8) will also be dismissed.

**C. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f,** *et seq.*

Plaintiff's third cause of action is brought against the Moore defendants for violation of the FDCPA, 15 U.S.C. § 1692f, *et seq.*, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff alleges that the Moore defendants violated this section by, among other conduct, engaging in unfair practices to collect a debt that defendants knew was not due from plaintiff, and ignoring plaintiff's disputes as to the collection account. (Compl. at 10.)

The Moore defendants argue that plaintiff's third cause of action must be dismissed because not only are plaintiff's allegations conclusory, they are also belied by the allegations of the complaint and the exhibits attached thereto, which indicate that TMLG responded to plaintiff's notices of dispute on or around November 10 and November 30, 2017. (Doc. No. 15-1 at 15–16; Compl. at 6 & Ex. G.)

In opposition to the motion to dismiss this cause of action, plaintiff alleges that TMLG's responses were legally deficient because "[v]alidation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account." (Doc. No. 31 at 10.) Plaintiff's argument in this regard, however, contradicts clear Ninth Circuit precedent that "[v]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)). In *Clark*, the Ninth Circuit found that defendants satisfied their verification duty under § 1692g by obtaining information about the nature and balance of the outstanding bill from the creditor and sending plaintiffs a copy of the itemized statement. *Id.* at 1174. The Ninth Circuit held that defendants were entitled to rely on their client's statements to verify the debt, and did not have a duty to independently investigate the amount of the debt. *Id.*

Here, plaintiff's complaint and the exhibits attached thereto show that in response to plaintiff's notices of dispute, TMLG mailed plaintiff a copy of the itemized monthly billing statement that demonstrated the amount of the outstanding bill and showed that the debt was in plaintiff's name. This is all that is required to verify a debt under § 1692g. *See Clark*, 460 F.3d at 1174. Plaintiff provides no other factual allegations to suggest that the Moore defendants' debt collection activities were unfair or unconscionable. The court will therefore dismiss plaintiff's third cause of action under the FDCPA, § 1692f *et seq.*

**D. Breach of Contract**

Plaintiff's eighth cause of action is brought against BANA for breach of contract. The extent of plaintiff's allegations in support of this cause of action is that defendant BANA "did not provide any of its own money to Plaintiff," that BANA has "breached the alleged contract by not disclosing the fact that it will/did not use its own money," and that such breach constitutes fraud, which "vitiates the most solemn contract." (Compl. at 13.) BANA argues that plaintiff fails to state a claim. (Doc. No. 14 at 13–14.)

/////

9

To state a claim for breach of contract, plaintiff must plead: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) breach; and (4) that the breach caused plaintiff's harm. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). If the alleged breach is based on a written contract, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985).

Here, the complaint fails to allege the date or terms of the contract at issue, and what provisions of the contract were purportedly breached. In opposing the pending motion to dismiss, plaintiff states only that "[i]f there is a contract between BANA and Plaintiff, it will be requested through discovery."[4] (Doc. No. 21 at 10.) Plaintiff's conclusory allegations are insufficient to establish any of the necessary elements for a breach of contract claim. Accordingly, the court will dismiss plaintiff's breach of contract cause of action.

### E. Negligence and Defamation

Plaintiff's tenth cause of action for negligence and eleventh cause of action for defamation are brought against all defendants. Plaintiff alleges that defendants were negligent in failing to exercise reasonable care and prudence in the collection and reporting of the disputed account information, and defamed plaintiff by intentionally publishing and disseminating false information to third parties. (Compl. at 19–20.) Collectively, defendants argue that plaintiff's state law negligence and defamation claims are preempted by the FCRA, and that plaintiff fails to plead facts sufficient to state either claim. (*See* Doc. No. 14 at 14–18; Doc. No. 15-1 at 16–17.)

---

[4] In her opposition to the motion to dismiss the breach of contract claim, plaintiff also asserts that "[c]ommercial law and the Uniform Commercial Code is [sic] a valid laws in which BANA breached." (Doc. No. 21 at 10.) Allegations regarding commercial law and the Uniform Commercial Code do not appear to relate to plaintiff's breach of contract claim. To the extent that plaintiff intends to plead new theories of liability, the court will not entertain them. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994) (finding that in ruling on a motion to dismiss, the court's review is limited to the contents of the complaint); *see also I.S. ex rel. Knapp v. Callibre Sys., Inc.*, No. CV 10-4466 ODW (JCGx), 2011 WL 4914711, at *4 (C.D. Cal. Oct. 17, 2011) (refusing to consider allegations presented for the first time in an opposition to a motion to dismiss).

When the FRCA was first enacted in 1968, it contained a preemption section providing that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency," to the extent that such claims are based on the disclosure of certain types of information and are not furnished "with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e); *see also Buraye v. Equifax*, 625 F. Supp. 2d 894, 897–98 (C.D. Cal. 2008).

Congress amended the FCRA in 1996 to add a second, more general preemption provision, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Most district courts within the Ninth Circuit have held that § 1681t(b)(1)(F) preempts all state statutory and common law causes of action that are based on conduct proscribed under § 1681s-2. *Buraye*, 625 F. Supp. 2d at 899–900 (citing cases); *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008) ("15 U.S.C. § 1681t(b)(1)(F) preempts [plaintiff's] defamation claim based on allegations that [defendant] reported information to a credit reporting agency."); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("[T]he FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information. Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted.").

Plaintiff's allegations that defendants furnished inaccurate information to consumer reporting agencies falls squarely within the provisions of § 1681s-2(a). The court concludes that plaintiff's negligence and defamation claims are thus preempted by the FCRA and must therefore be dismissed.

/////

**F. Leave to Amend**

For the reasons explained above, defendants' motions to dismiss (Doc. Nos. 14, 15) are granted in their entirety. The court has carefully considered whether plaintiff may amend her complaint to cure the deficiencies addressed in this order. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

At this early stage of the litigation, the court cannot conclude that the granting of leave to amend would be futile with respect to certain causes of action. Accordingly, plaintiff will be granted an opportunity to amend her complaint as to her first cause of action under the FCRA against defendant BANA only; her second and third causes of action under the FDCPA against the Moore defendants; and her eighth cause of action for breach of contract against defendant BANA. Plaintiff's first cause of action under the FCRA against defendant TMLG, and her tenth and eleventh causes of action for negligence and defamation against all defendants will be dismissed with prejudice because the court finds that amendment of those claims would be futile under the analysis set forth above.

With respect to any amended complaint, plaintiff is cautioned that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. *See* Fed. R. Civ. P. 8(a)(2); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff may construct a complaint's framework with legal conclusions, but must support the legal conclusions with factual allegations with at least some degree of particularity. *Id*. at 679; *Jones*, 733 F.2d at 649.

Plaintiff is also advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff elects to file, she must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case. Finally, any amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie her claims.

## CONCLUSION

For the reasons set forth above:

1. Defendant BANA's motion to dismiss (Doc. No. 14) is granted;
2. The Moore defendants' motion to dismiss (Doc. No. 15) is granted;
3. Plaintiff is granted leave to file an amended complaint consistent with this order within twenty-one days of the service of this order; and
4. Any failure by plaintiff to file an amended complaint within the time provided will likely result in the dismissal of this action for failure to prosecute and failure to abide by the court's orders.

IT IS SO ORDERED.

Dated: **May 4, 2018**

UNITED STATES DISTRICT JUDGE