| | |
|---|---|
| **MCGUIREWOODS LLP**<br>Alexander J. Gershen (SBN 291929)<br>agershen@mcguirewoods.com<br>Two Embarcadero Center, Suite 1300<br>San Francisco, CA 94111<br>Telephone: 415.844.9944<br>Facsimile: 415.844.9922<br><br>Attorney for Defendant<br>Bank of America, N.A. | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYUNG JIN MYRA KOZLOWSKI<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A, EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANSUNION, LLC; THE MOORE LAW GROUP, APC; HARVEY M. MOORE In his individual capacity; and Does 1-10,<br><br>Defendants. | CASE NO. 1:18-cv-00131-DAD-EPG<br><br>**BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 18, 2018<br>Time: 9:30 a.m.<br>Courtroom: 5, 7th Floor<br><br>Complaint Filed: January 25, 2018<br>FAC Filed: May 24, 2018<br>SAC Filed: July 10, 2018<br><br>Honorable: Dale A. Drozd |

**TO PLAINTIFF IN *PRO SE*:**

PLEASE TAKE NOTICE that at 9:30 a.m. on September 18, 2018, in Department 5 of the above-referenced court, located at 2500 Tulare Street, Fresno, CA, Bank of America, N.A. ("BANA") will and hereby moves to dismiss the Second Amended Complaint filed in this action against BANA by Plaintiff Myung Jin Myra Kozlowski ("Plaintiff"), and to each cause of action asserted therein against BANA. This Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim upon which relief can be granted, and for such other relief as this Court may deem just.

BANA's motion to dismiss is based upon this motion to dismiss, the memorandum of points and authorities attached hereto, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this motion to dismiss.

DATED: July 20, 2018             **MCGUIREWOODS LLP**

By:    */s/ Alexander J. Gershen*
        Alexander J. Gershen, Esq.
        Attorney for Defendant Bank of America, N.A.

## I. INTRODUCTION

Plaintiff Myung Jin Myra Kozlowski ("Plaintiff") brings her operative Second Amended Complaint ("SAC") against Bank of America, N.A. ("BANA"), Equifax, Inc. and Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Transunion, LLC ("Transunion"), along with Harvey M. Moore and The Moore Law Group, APC (collectively "Moore Defendants"), alleging that Defendants violated the Fair Credit Reporting Act ("FCRA") and furnished or reported unspecified inaccurate information.

Specifically, Plaintiff alleges that she disputed her account, pursuant to the FCRA, but BANA failed to respond to alleged disputes and failed to provide "authentic" evidence regarding the validity of her debt. Unhappy with BANA's responses and reinvestigation, she now brings suit alleging violations under the FCRA.

However, Plaintiff's operative complaint, much like her initial complaint, attaches numerous correspondences between herself and BANA that demonstrate BANA complied with its requirements under the FCRA. Further, even after being given two opportunities to amend her complaint, Plaintiff fails to attach any contract or allege the terms allegedly breached by BANA in support of her breach of contract claim. In sum, Plaintiff's claims remain wholly unsupported, contradicted by her own allegations, and fail as a matter of law.

BANA moves to dismiss the operative SAC pursuant to Fed. R. Civ. P. Rule 12(b)(6) as Plaintiff's SAC does not state a cause of action against BANA. Plaintiff's SAC is inadequately pled and must be dismissed on this basis alone. BANA respectfully requests the Court grant its motion to dismiss, without leave to amend, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## II. FACTUAL ALLEGATIONS

**A. Plaintiff Sent BANA Three Notices of Dispute and BANA Timely Responds to Each**

On March 14, 2017, Plaintiff alleges that she sent BANA, along with Defendants Experian and TransUnion, a notice of dispute which demanded a validation of an alleged account held with

BANA. Second Amended Complaint ("SAC"), Introduction ¶ 2,[1] Factual Allegations ¶¶ 2, 8, Ex. B (March 14, 2017 correspondence from Plaintiff). In this notice, Plaintiff also demanded to know whether: (1) "the claim of debt was…free from any claims and defects," (2) "there was a breach of agreement," (3) "there was a failure of consideration," (4) "the alleged account was transferred," and (5) whether "the original lender provided value." *Id.*

Plaintiff alleges that BANA responded and informed Plaintiff that the account at issue was opened on September 9, 2015 and that the current balance on the account was $4,326.14. SAC ¶ 3; *see also* Request for Judicial Notice ("RJN"), Ex. A (Plaintiff's Complaint) at ¶ 2, Ex. B (April 4, 2017 correspondence). Plaintiff concludes that this response constitute "non-responses." SAC ¶ 3.

On April 14 and again on July 12, 2017, Plaintiff alleges that she sent BANA, Experian, and TransUnion, a second and third Notice of Dispute also seeking the same debt validation and account information. SAC ¶¶ 2, 8. Plaintiff next alleges that BANA responded on August 16, 2017, by informing Plaintiff that it would update her account "as five payments past due." SAC ¶ 4. Plaintiff argues that BANA failed to state that it "would report Plaintiff's dispute." *Id.*

In an attempt to omit the allegations that she made in her initial complaint, Plaintiff's amended pleading omits the numerous allegations that BANA responded to each of the notice of disputes at issue in the pleadings. Specifically, the original complaint alleges that BANA responded to Plaintiff on April 4, April 27, May 9, June 16, August 16, and August 21, 2017. *See* RJN, Ex. A at ¶¶ 1-2 (alleging and attaching BANA's responses).

### III. PROCEDURAL BACKGROUND

On January 25, 2018, Plaintiff filed her original complaint alleging violations of FCRA, breach of contract, negligence, defamation, and various claims alleged against co-defendants Moore Law, Experian, TransUnion, and Equifax. Like the FAC, Plaintiff's complaint alleged upon information and belief that BANA "failed to lawfully validate debt," and is "reporting derogatory

---

[1] Plaintiff's SAC resets its paragraph numbering in the Introduction (page 1), Jurisdiction (page 6), and Factual Allegations (page 9) sections. For the ease of the Court, all citations are made to the Factual Allegations sections, unless otherwise specified.

inaccurate information about Plaintiff," to CRAs. RJN, Ex. A at ¶¶ 10-11. Plaintiff alleges that she disputed the inaccurate information and that BANA "did not timely respond to Plaintiff's notices of dispute by providing evidence of the alleged debt to Plaintiff nor the [CRAs]." *Id.* at ¶¶ 12-13. Further, Plaintiff alleged that BANA breached an unspecified contract, "did not loan any of their money to Plaintiff," and failed to disclose that information. *Id.* at ¶ 16.

BANA filed its motion to dismiss which the court heard on April 17, 2018. On May 7, 2018, the Court issued its order granting BANA's motion to dismiss and granting Plaintiff leave to amend. *See* Court's May 7, 2018 Order (the "Order").

Specifically, the Court ordered Plaintiff's claim under 15 U.S.C. § 1681s-2(a) dismissed *with* prejudice, as Plaintiff has no right of action for a claim brought under this section. Order at p. 4-5.[2] With respect to Plaintiff's claim under § 1681s-2(b), the Court held that Plaintiff adequately alleged that she notified a consumer reporting agency ("CRA") of a dispute regarding the accuracy of her account, meeting the first prong under the Fair Credit Reporting Act ("FCRA"). *See* Order at p. 5-6.

However, the Court held that Plaintiff does not adequately allege the second and third elements of a claim under § 1681s-2(b). *Id.* Of relevance here, the Court noted that "[e]ven if BANA's duty to investigate had been triggered, plaintiff's allegations that BANA failed to conduct an investigation and timely respond to plaintiff are contradicted by the complaint itself." Order at 6:15-17. The Court relied on BANA's responses to each of the debt verification requests on April 4, April 27, May 9, June 16, August 16, and August 21, 2017, where BANA "either requested additional information from plaintiff to be able to validate her debt, or substantively responded to plaintiff's notice of dispute." *Id.* at 6:17-22. The Court also relied on BANA's May 9, 2017 response by BANA where it had "determined that plaintiff's account 'is reporting correctly' and that it was 'unable to remove the account from your credit file.'" Order at 6:22-25

---

[2] The Court also dismissed with prejudice Plaintiff's tenth and eleventh cause of action for negligence and defamation, "because the court finds that amendment of those claims would be futile under the analysis set forth above." Order at 12.

(quoting Compl. at Ex. B). Furthermore, the Court relied on BANA's June 16, 2017 correspondence that "summarized its investigation and concluded that 'the above-referenced account is valid, due and payable,' and that 'there has been no bank error in the handling of your account.'" *Id.* at 6:25-27. The court also found that BANA's June 16, 2017 letter enclosed copies of plaintiff's original application and monthly billing statements. *Id.* On this basis, the Court granted BANA's motion to dismiss.

With respect to Plaintiff's breach of contract claim, the Court held that the complaint "fails to allege the date or terms of the contract at issue, and what provisions of the contract were purportedly breached," and dismissed the breach of contract claim. Order at 10:8-10.

In sum, the Court granted Plaintiff an opportunity to amend her complaint as to her first cause of action under the FCRA against defendant BANA and her eighth cause of action for breach of contract against defendant BANA. Order at p. 12. The remaining causes of action are made against other Defendants or were dismissed with prejudice.

On May 24, 2018, Plaintiff filed a first amended complaint which alleged two causes of action against BANA: a violation of FCRA and breach of contract. Plaintiff's FAC is based on the same underlying conduct as her initial complaint, namely—the alleged notice of disputes sent to BANA and CRAs on March 14, April 14, and July 12, 2017. FAC ¶¶ 2, 8. Plaintiff alleged that BANA "did not timely respond to Plaintiff's Notice of Dispute[s]," and that she "never received authentic evidence regarding the validity of the debt." FAC ¶¶ 9, 12. As noted above, Plaintiff omitted numerous key allegations and exhibits that were the centerpiece of her original complaint. These allegations and exhibits, which the Court relied on extensively in its May 7, 2018 Order, demonstrated that BANA had responded to Plaintiff's notice of disputes and provided the information requested by Plaintiff. *Compare* Compl., *with* FAC; *see also* Order.

BANA and the Moore Defendants separately moved to dismiss the FAC. Further, the Court dismissed Equifax, Experian, and Transunion, as Plaintiff's FAC did not allege any conduct against either of the three defendants. Upon realization of this order, Plaintiff moved for leave to amend the FAC to assert claims against the now dismissed defendants. On June 22, 2018, the Court granted Plaintiff leave to file a SAC and denied the pending—and fully briefed—motions to

dismiss as moot and vacated the hearings on both motions.

On July 10, 2018, Plaintiff filed her SAC, which much like her initial complaint and FAC, alleges violations of FCRA, Fair Debt Collection Practices Act ("FDCPA"), and breach of contract against co-defendants Moore Law, Experian, TransUnion, and Equifax. Plaintiff's allegations as to BANA are identical to her allegations in the FAC, as she alleges that she sent notice of disputes sent to BANA and CRAs on March 14, April 14, and July 12, 2017, and that BANA failed to respond and failed to provide "authentic evidence' validating the debt. SAC ¶¶ Introduction ¶ 2, Factual Allegations ¶¶ 2, 8, 9, 12. Just like her prior FAC, Plaintiff again omits the key allegations and exhibits that were central to her allegations in her original complaint. These allegations and exhibits, which the Court relied on extensively in its May 7, 2018 Order, demonstrated that BANA had responded to Plaintiff's notice of disputes. *See* RJN, Ex. A at ¶¶ 1-2 (alleging and attaching BANA's responses).

## IV. LEGAL STANDARD

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to a Rule 12(b)(6) motion is proper "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Taylor v. Yee,* 780 F.3d 928, 935 (9th Cir. 2015); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). While the allegations of the complaint are generally accepted as true, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] Plaintiff's obligation to provide 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation and citation omitted); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

The Court accepts as true all well pleaded facts in the complaint and construes them in the light most favorable to the nonmoving party. *Zadrozny v. Bank of New York Mellon,* 720 F.3d

7

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1163, 1167 (9th Cir. 2013). Factual allegations must be enough to "raise a right to relief above the speculative level." *Casault v. Federal Nat. Mortg. Ass'n*, 915 F.Supp.2d 1113, 1119 (C.D. Cal. 2012). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## V. LEGAL ARGUMENT

### A. Plaintiff's First Claim for a Violation of the Fair Credit Reporting Act Fails

To prevail on a claim under § 1681s-2(b), a plaintiff must allege that (1) she notified a consumer reporting agency of a dispute regarding the accuracy of an account; (2) the consumer reporting agency notified the furnisher of the information; and (3) the furnisher failed to take the remedial measures required by statute. *See Matracia v. JP Morgan Chase Bank, N.A.*, No. 2:11-190 WBS JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011) (citing 15 U.S.C. § 1681s-2(b)).

While Plaintiff's SAC is filled with conclusory allegations that attempt to support the first two elements of a FCRA claim, Plaintiff cannot maintain her FCRA claim because she does not allege that BANA failed to take the remedial measures required by statute.

Under § 1681s-2(b), after receiving notice of a dispute provided by a consumer to a consumer reporting agency, a furnisher of information must conduct an investigation with respect to the disputed information, report the results of the investigation to the consumer reporting agency, and follow additional procedures to correct any inaccuracies identified by such investigation. *See* 15 U.S.C. § 1681s-2(b).

Plaintiff cannot maintain that BANA failed to conduct an investigation with respect to the disputed information and report the results of the investigation because Plaintiff's own allegations demonstrate that BANA took the remedial steps required by the FCRA. *See* 15 U.S.C. § 1681s-2(b)(1). As noted above, Plaintiff's original complaint, which the Court relied on in its May 7, 2018 Order, attached a May 9, 2017 correspondence from BANA which specifically states that

BANA investigated the account and found the "account is reporting correctly on your credit file," and stated it is "unable to remove the account from your file." RJN, Ex. A at ¶¶ 2, Ex. B; Order at 6:22-25. Further, Plaintiff's original complaint also attached a June 16, 2017 correspondence that "summarized its investigation and concluded that 'the above-referenced account is valid, due and payable,' and that 'there has been no bank error in the handling of your account.'" Order at 6:25-27; RJN, Ex. A at ¶¶ 2, Ex. B. Moreover, the SAC also includes similar confirmation that BANA complied with FCRA, as Plaintiff alleges that BANA responded to her "disputes" and provided information related to the account—including, the opening date and the amount owed to BANA. SAC ¶ 3-4. Plaintiff also concedes that BANA responded again on August 16, 2017, by informing Plaintiff that it would update her account "as five payments past due." *Id.* at ¶ 4. While Plaintiff concludes that BANA's responses constitute "non-responses," she provides no support for this theory. *Id.* at ¶ 3. Instead, her allegations and the public record show that BANA indeed conducted an investigation with respect to Plaintiff's account and reported the results of the investigation, pursuant to the requirements under 15 U.S.C. § 1681s-2(b)(1).

*Next*, Plaintiff cannot maintain that BANA "did not timely respond to Plaintiff's Notice of Dispute[s]," or that she "never received authentic evidence regarding the validity of the debt." SAC ¶¶ 9, 12. Indeed, Plaintiff concedes that BANA responded and informed Plaintiff that the account at issue was opened on September 9, 2015 and that the current balance on the account was $4,326.14. SAC ¶ 3. Courts in this Circuit hold that debt verifications that confirm in writing the amount being demanded is what the creditor is claiming owed is sufficient under the law. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006) (holding that an itemized statement provided by the debt collector to the consumer satisfied the statutory requirement for debt verification under the FDCPA); *McNall v. Credit Bureau of Josephine Cty.*, 689 F. Supp. 2d 1265, 1276 (D. Or. 2010) (holding that under the FDCPA, a "defendant was not required to provide documentation substantiating the debt, only verification that the amount demanded by it was the amount claimed was owed"). Further, as noted above, Plaintiff also concedes that BANA responded to the alleged disputes on April 4, April 27, May 9, June 16, August 16, and August 21, 2017. *See* RJN, Ex. A at ¶¶ 1-2; SAC ¶ 3-4. Moreover, as the Court

ruled in its May 7, 2018 Order, Plaintiff's initial complaint alleged, and attached as an exhibit a June 16, 2017 letter that stated BANA enclosed copies of plaintiff's original application and monthly billing statements. Order at 6:25-27. Thus, Plaintiff's own allegations and the public record demonstrate that BANA timely responded to each dispute and provided the information requested to validate and verify the debt. Plaintiff's allegations that BANA failed to notify her of BANA's determination or verify the debt, is thus contradicted by her own allegations and the public record. As such, Plaintiff's claim must be dismissed.

*Finally*, Plaintiff fails to provide any support for her theory that there was an inaccuracy on her account. Plaintiff alleges that BANA inaccurately reported a balance on the account, because "[t]he amount reported should be 0.00." SAC ¶ 24. However, this allegation is only supported by her radical theory a creditor cannot claim a debt unless it is the "holder in due course," and that it must "show that money left the creditor's account," and that "money must have changed hands from the creditor to the debtor in order for the debtor to be obligated to the creditor." *Id.* Plaintiff suggests that since BANA allegedly "did not provide any of its own money to Plaintiff," that BANA cannot collect money from Plaintiff. *Id.* at ¶¶ 13, 44-47. As addressed below, none of these unsupported and conclusory allegations are sufficient as a matter of law. *Twombly*, 550 U.S. at 570; *McGlinchy*, 845 F.2d at 810.

### B. Plaintiff's Claim for Breach of Contract is Insufficient to State a Claim

Plaintiff's seventh cause of action against BANA,[3] entitled "breach of contract – fraud" is again a vague and unsupported attempt to state a claim for breach of contract. Without any legal or factual support, Plaintiff concludes that a creditor seeking to make a "valid claim for collection of a debt…must be the holder in due course," and must "show that money left the creditor's account," and "show that it did not sell or securitize the credit card agreement." SAC ¶ 73. Under Plaintiff's theory, "money must have changed hands from the creditor to the debtor in order for the debtor to be obligated to the creditor." *Id.* Plaintiff next concludes that BANA "did not provide

---

[3] Plaintiff's second through six causes of action, along with her eighth cause of action, are not alleged against BANA.

any of its own money to Plaintiff," and thus "breached the alleged contract by not disclosing the fact that it did not use its own money." *Id.* at ¶¶ 74, 79. Plaintiff also concludes that "BANA is not holder in due course," since the credit card agreement was allegedly securitized, and that "BANA is not a holder in due course," and could not have incurred a loss. *Id.* at ¶¶ 76, 81. But, Plaintiff wholly fails to explain how her unsupported theories regarding a holder in due course, claims for the collection of debt, and securitization of credit card agreement even apply to her claim against BANA for a breach of contract. As such, Plaintiff's claim fails as a matter of law.

To state a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that the breach caused plaintiff's harm. *Wall St. Network, Ltd. v. N. Y. Times Co.*, 164 Cal.App.4th 1171, 1178 (2008); *see First Commercial Mortgage Co. v. Reece,* 89 Cal.App.4th 731, 745 (2001). "[I]f the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 459 (1985).

Much like her deficient original complaint, Plaintiff's unsupported claims again fails as she provides nothing to support any alleged breach of contract. Plaintiff simply attaches a credit card agreement to her SAC as Exhibit G, alleging that it failed to disclose information regarding credit card securitization. SAC ¶ 79. However, Plaintiff has not, and cannot, allege that any credit card agreement requires such terms or that BANA breached any terms of the attached agreement. Instead, Plaintiff relies on a general explanation of the process of credit card securitization by citing standards and regulations from the Financial Accounting Standards Board and Federal Deposit Insurance Company ("FDIC"). *Id.* at ¶¶ 77-78. However, none of these sources are controlling to the central issue—whether BANA breached any terms of the attached agreement. Plaintiff does nothing to support her allegation and her conclusory allegations fail as a matter of law.

Moreover, even if the Court were to entertain Plaintiff's unsupported theory, Plaintiff fails to provide support for her allegation that the "credit card agreement was securitized." SAC ¶ 76-77. As stated above, the Court need not "accept legal conclusions cast in the form of factual

allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, 18 F.3d at 754-55. Thus, Plaintiff cannot maintain that her agreement was securitized to begin with.

Even if Plaintiff could show that the receivables for her account had been securitized, Plaintiff's theory is contradicted by the card agreement attached to Plaintiff's complaint. Specifically, the agreement expressly states that BANA "may at any time, and without notice to you, sell, assign, or transfer your account…." SAC ¶ 79, Ex. G at p. 13. Thus, Plaintiff cannot maintain her allegation that BANA "failed to disclose" any information about securitization, when the terms of the agreement state that BANA has the authority to assign the receivables for Plaintiff's account without any notice.

Finally, to the extent this Court interprets Plaintiff's breach of contract claim as a fraudulent concealment claim, Plaintiff cannot maintain concealment as a matter of law. Under fraudulent concealment, a plaintiff must allege facts necessary to show that the defendant "was under a legal duty to disclose them." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 96 (2001); *see* Civ. Code §§ 1709, 1710; *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012) ("a claim for fraudulent concealment requires that: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.") (internal citations omitted). Here, Plaintiff fails to allege any of the required elements, including that BANA was under any duty to disclose information regarding securitization to Plaintiff, that Plaintiff would not have acted as she did had she known about the facts, and that any concealment caused her damage. Without these threshold allegations, Plaintiff cannot establish a claim for fraudulent concealment as a matter of law.

**C.      Plaintiff Should Not Be Granted Leave To Amend Her Complaint a Third Time**

Generally, the Curt should liberally grant the plaintiff leave to amend a dismissed complaint. Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Knox v. Yingli Green Energy Holding Company Limited,* 242 F.Supp.3d 950 (C.D. Cal. 2017). In other words, where an amendment would be futile, the Court may deny leave to amend. *See also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

Here, it would be futile to grant Plaintiff leave to amend. Plaintiff was already granted leave by this Court to amend her complaint on two occasions to state facts sufficient to support her FCRA claim and breach of contract claim. Rather than amend to add additional facts, Plaintiff merely removed all harmful allegations and exhibits which demonstrated BANA's compliance with applicable laws. Plaintiff's amended complaint is still riddled with the same defects, as articulated in this motion. Thus, there are no facts that Plaintiff can allege to cure the deficiencies in her complaint. Thus, the Court should dismiss Plaintiff's claims with prejudice.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff has not, and cannot, state a cause of action against BANA. Plaintiff's operative complaint is again comprised of conclusory allegations that are insufficient to maintain a cause of action against BANA. As such, BANA respectfully requests the Court grant its motion to dismiss in its entirety, without leave to amend, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

DATED: July 20, 2018          **MCGUIREWOODS LLP**

By:    */s/ Alexander J. Gershen*
       Alexander J. Gershen, Esq.
       Attorney for Defendant Bank of America, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July 2018, I electronically filed the foregoing document entitled **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court for the United States District Court, Eastern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

                                                /s/ *Alexander J. Gershen*
                                                Alexander J. Gershen, Esq.