

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF
# CALIFORNIA
# BAKERSFIELD

MYUNG JIN MYRA KOZLOWSKI,

    Plaintiff,

-v-

Case No. 1:18-cv-00131-DAD-EPG

BANK OF AMERICA, N.A.; et al.,

    Defendants.

## PLAINTIFF'S OP**POSITION TO DEFENDANT BANA**'S MOTION TO DISMISS PLAINTIFF'S **SECOND AMENDED COMPLAINT**

### I. INTRODUCTION

Plaintiff's claims against Defendants are in the nature of valid federal law violations.

Plaintiff was ordered by this Court an opportunity to amend her complaint.

Plaintiff filed and served her second amended complaint.

Plaintiff's second amended complaint is sufficient to state a claim for relief.

Defendant BANA is a "furnisher of information" under the FCRA. Defendant BANA reported derogatory remarks to the Credit Reporting Agencies (hereinafter "CRA").

Since BANA is a furnisher of information, it is liable under the law.

15 U.S.C. §1681n and §1681o, create a private right of action for consumers to bring against violators of any provision of the FCRA with regard to their credit.

The CRAs contacted BANA (furnisher), and BANA failed to take remedial measures.

Even though BANA responded to Plaintiff's Notice of Dispute, the responses were not in compliance with statutes.

## II.   LEGAL STANDARD

### A. Motion to Dismiss

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964). Counsel cannot testify to the evidence. Counsel's pleadings are replete with testimony of facts not properly introduced by a fact witness.

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007), reiterated that a motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the factual allegations must be taken as true when evaluating a motion to dismiss. More pointedly, a plaintiff that has a

"well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely.'" That said, and although embracing Conley's "no set of facts" standard, Twombly found that it is not up to the judge to turn a frivolous claim into a substantial one by imagining facts that are not present in the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S., 41, 45-46, 78 S.Ct. 99.

> "it is virtually impossible logically to distinguish among 'ultimate facts,' 'evidence,' and 'conclusions.' Essentially any allegation in a pleading must be an assertion that certain occurrences took place. The pleading spectrum, passing from evidence through ultimate facts to conclusions, is largely a continuum varying only in the degree of particularity with which the occurrences are described." Weinstein & Distler, Comments on Procedural Reform: Drafting Pleading Rules, 57 Colum. L.Rev. 518, 520-521 (1957).

See also Cook, Statements of Fact in Pleading Under the Codes, 21 Colum. L.Rev. 416, 417 (1921) ("[T]here is no logical distinction between statements which are grouped by the courts under the phrases 'statements of fact' and 'conclusions of law'"). Rule 8 was directly responsive to this difficulty. Its drafters intentionally avoided any reference to "facts" or "evidence" or "conclusions." See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 207 (3d ed.2004) ("The substitution of 'claim showing that the pleader is entitled to relief for the code formulation of the facts' constituting a 'cause of action' was intended to avoid the distinctions drawn under the codes among 'evidentiary facts,' 'ultimate facts,' and 'conclusions' ...").

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."* Id., Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (emphasis added).

Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial. See *Swierkiewicz v. Sorema N.A.*, 534 U.S., 506, 514, 122 S.Ct. 992 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Charles E. Clark, the "principal draftsman" of the Federal Rules, put it thus:

> "Experience has shown ... that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase — Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A.J. 976, 977 (1937).

In *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302 (C.A.8 1940), the court viewed the Federal Rules — specifically Rules 8(a)(2), 12(b)(6), 12(e) (motion for a more definite statement), and 56 (motion for summary judgment) — as reinforcing the notion that "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the

claim." 108 F.2d, at 306. The court refuted in the strongest terms any suggestion that the unlikelihood of recovery should determine the fate of a complaint: "No matter how improbable it may be that she can prove her claim, she is entitled to an opportunity to make the attempt, and is not required to accept as final a determination of her rights based upon inferences drawn in favor of the defendant from her amended complaint." Ibid.

In order to prevail on a motion to dismiss, the moving party must satisfy three prerequisites. "First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.... Third, plaintiff must show that it is prejudiced by the inclusion of the defense." *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (U.S.D.C. S.D. N.Y. 2002); *Estee Lauder, Inc.*, 189 F.R.D. at 271-72.

BANA here has failed to meet these 3 prerequisites.

First: It has yet to be determined if the defenses will succeed. There are questions of fact pending, as discovery may show.

Second: There are substantial questions of law, as shown in Plaintiff's citations applicable to issues surrounding the subject matter. Does the FCRA apply to BANA as furnisher? Does Plaintiff have a private right of action under 15 U.S.C. 1681s-2(b)? Does the law define BANA as furnisher? Does 15 U.S.C. 1692 seq. prohibit a debt collector, such as The Moore Law Group, from collection action, on behalf of BANA, if it has not properly validated the alleged debt? Etc. "Fraud vitiates the most solemn Contracts, documents and even judgments" U.S. v. Throckmorton, 98 US 61, 65 (1878)

Third: Plaintiff will be prejudiced by the derogatory information reported to the CRAs, as well as information not reported. Her credit report is directly affected by actions of BANA.

## III. LEGAL ARGUMENT

### A. First Claim Does Not Fail

Plaintiff has stated a claim under Section 1681s-2(b) that BANA failed take remedial measures. See SAC, page 6, paragraph 14.

BANA did mail responses to Plaintiff's notice of disputes. However, those responses were not adequate under the law.

Sending mere copies of past statements and alleged copy of card user agreement is not sufficient to comply with the validation requirements.

Defendants failed to properly "conduct an investigation with respect to the disputed information" (1681s-2(b)(A)); and "report the results of the investigation to the consumer reporting agency" (1681s-2(b)(C)).

The June 17, 2017 BANA correspondence does not show that BANA conducted a proper investigation and reported it to the CRAs. It only claims that BANA concluded "the above-referenced account is valid, due and payable", which does not prove proper investigation. The GAAP reporting requirements placed on BANA is not Plaintiff's theory. Since BANA lacked responses that comply with GAAP, BANA failed to properly validate the debt.

Validation requires presentment of the authentic account and general ledger statement signed and dated by the party responsible for maintaining the account. See *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Haddad v. Alexander,*

*Zelmanski, Danner & Fioritto, PLLC,* 758 F.3d 777 (6th Cir. 2014); *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980); *GE Capital Hawaii, Inc v. Yonenaka*, 25 P.3d 807, 96 Hawaii 32, (Conn. Super. 2000); *Twon of Brookfield v. Candlewood Shores Estates, Inc.*, 513 A.2d 1218, 201 Conn. I (1986); *Sasscer v. Donnelly,* No. 3:10cv464, 2011 WL 1522320 (M.D. Pa. Apr. 20, 2011)(validation must match exactly what the debt collector is demanding); *and Solon v. Godbole,* 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987).

It is not enough to simply provide monthly billing statements as lawful validation.

### B. Plaintiff's Claim of Breach is Sufficient

Under the Truth In Lending Act, BANA was required to make full disclosure of its lending practices as applied to Plaintiff. BANA failed to make full disclosure, *inter alia*, that its accounts receivables were securitized as applied to Plaintiff; that any monthly payments made by Plaintiff did not in deed go to BANA. Because to the securitization of the accounts receivables, BANA is not the holder in due course, a factual conclusion (not legal conclusion). The Truth In Lending Act requires a legal duty on BANA to make full disclosure to Plaintiff; not in the credit card agreement. This claim (breach) is not based on the written contract; rather it is based on law, regulations and requirements violated by BANA, which is the central issue. The fact is that BANA intentionally failed to inform Plaintiff that the account receivables was assigned, sold or securitized, even though the authorization is stated in the card holder agreement. This fact will prove out during the discovery process. Plaintiff adequately explained in her SAC how BANA does not receive

any of Plaintiff's payments. Showing that accounts receivables go to trusts.

BANA is claiming that the card holder agreement gives it the right to sell, assign, or transfer the account. This is why Plaintiff attached it as Exhibit G. Plaintiff claims that it is not sufficient to give notice that the account was actually transferred (securitized). This is a factual conclusion that BANA has not denied that the account was securitized.

### C. Grant Leave to Amend

The record reflects that this Court has granted leave to amend on June 21, 2018.

If this Court finds that Plaintiff has not adequately presented her arguments, she requests leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' Motion to Dismiss.

Dated this  6th  day of  August , 2018.

_____
Myung Jin Myra Kozlowski, Plaintiff, In Pro Per