**MCGUIREWOODS LLP**
Alexander J. Gershen (SBN 291929)
agershen@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorney for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYUNG JIN MYRA KOZLOWSKI<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A, EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANSUNION, LLC; THE MOORE LAW GROUP, APC; HARVEY M. MOORE In his individual capacity; and Does 1-10,<br><br>Defendants. | CASE NO. 1:18-cv-00131-DAD-EPG<br><br>**BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT**<br><br>Date:        September 18, 2018<br>Time:        9:30 a.m.<br>Courtroom: 5, 7th Floor<br><br>Complaint Filed: January 25, 2018<br>FAC Filed: May 24, 2018<br>SAC Filed: July 10, 2018<br><br>Honorable: Dale A. Drozd |

## I. INTRODUCTION

In her opposition, Plaintiff Myung Jin Myra Kozlowski ("Plaintiff") fails to address or refute many of the arguments raised in Bank of America, N.A.'s ("BANA") motion to dismiss the second amended complaint ("SAC"). Instead, Plaintiff merely repeats her vague, unsupported, and contradicted allegations from her SAC.

Significantly, Plaintiff fails to remedy her deficient allegations that BANA violated the Fair Credit Reporting Act ("FCRA"). As argued within BANA's motion to dismiss, Plaintiff concedes that BANA complied with its requirements under the FCRA by responding to each of her alleged disputes. Now in her opposition, Plaintiff argues without any support, that BANA's responses "were not adequate under the law." Yet, this allegation is without any legal basis as BANA met its legal standard by providing a debt verification of the account at issue and itemized statements on the account, all of which satisfy the statutory requirement for debt verifications.

Further, rather than respond to the numerous deficiencies outlined in BANA's motion to dismiss with respect to her breach of contract claim, Plaintiff now improperly raises new claims and allegations for the first time in her opposition. Specifically, Plaintiff now premises her breach of contract theory on an alleged violations of the Truth in Lending Act, an allegation not contained in her operative pleading. Moreover, Plaintiff continues to proceed with an unsubstantiated theory that because her credit card agreement was allegedly securitized, BANA is not a "holder in due course" and somehow breached a contract with Plaintiff. But, as explained extensively within BANA's motion to dismiss, Plaintiff wholly fails to explain how her unsupported theories regarding a holder in due course and securitization of a credit card agreement even apply to her claim against BANA for a breach of contract especially considering her own agreement expressly states that BANA may sell, assign, or transfer Plaintiff's account at any time.

In sum, Plaintiff's opposition confirms that her claims remain deficient as a matter of law. Therefore, BANA requests that the Court grant its motion to dismiss without leave to amend.

## II.  LEGAL ARGUMENT

**A.    Plaintiff Still Cannot State a Claim Under the Fair Credit Reporting Act**

   *1.    Plaintiff Again Concedes That BANA Responded To Her Alleged Disputes*

Much like her deficient SAC, Plaintiff's opposition concedes that BANA did in fact respond to her notice of disputes. *See* Plaintiff's Opposition to BANA's Motion to Dismiss the SAC ("Opp.") at 6 ("BANA did mail responses to Plaintiff's notice of disputes."). However, Plaintiff now asserts that BANA's responses were "not adequate under the law" on the basis that sending "mere copies of past statements and [an] alleged copy of [a] card user agreement is not sufficient to comply with the validation requirements." *Id.*  Yet, Plaintiff's opposition omits her prior allegations that BANA provided even more information related to the account—including, the opening date and the amount owed to BANA. SAC ¶ 3-4. Moreover, providing the outstanding balance owed, account statements, and other account information is sufficient to constitute debt validation under the FCRA.

As argued within BANA's motion to dismiss, a debt verification that confirms in writing the amount being demanded is what the creditor is claiming owed is sufficient under the law. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006) (holding that an itemized statement provided by the debt collector to the consumer satisfied the statutory requirement for debt verification under the FDCPA); *Ho vs. ReconTrust Co.*, 858 F.3d 568, 589 (9th Cir. 2017); *McNall v. Credit Bureau of Josephine Cty.*, 689 F.Supp.2d 1265, 1276 (D. Or. 2010) (holding that under the FDCPA, a "defendant was not required to provide documentation substantiating the debt, only verification that the amount demanded by it was the amount claimed was owed").

Here, Plaintiff concedes that BANA informed her that the account at issue was opened on September 9, 2015, that the current balance on the account was $4,326.14. SAC ¶ 3. Moreover, Plaintiff's opposition confirms that BANA provided even more information, including copies of her past account statements which reflect her outstanding charges and a copy of the governing credit card agreement. *See* Opp. at 6.  Since Plaintiff concedes that BANA sent itemized statements and verified that the amount demanded was the amount claimed to be owed, Plaintiff

cannot maintain a claim under the FCRA as a matter of law. *Clark*, 460 F.3d at 1173–74; *McNall*, 689 F.Supp.2d at 1276.

Plaintiff's opposition cites a number of cases outside of this jurisdiction for the proposition that validation requires "the authentic account and general ledger statement signed and dated by the party responsible for maintaining the account." Opp. at 6-7. However, none of the cases Plaintiff relies upon support her theory.  In *Fields v. Wilber Law Firm, P.C.*, for example, the court analyzed whether a debt collector can state an amount of debt based on estimates of future liability (attorney's fees) rather than the current amount owed. 383 F.3d 562, 565 (7th Cir. 2004). In *Sasscer v. Donnelly*, the court held that there was a dispute of fact as to whether the plaintiff ever received the account information to begin with from the debt collector.  2011 WL 1522320, at *6 (M.D. Pa. Apr. 20, 2011).  Putting aside the fact that none of these cases are binding on this Court, none share analogous facts to this case.  Here, Plaintiff does not dispute that she received account statements from BANA for the account at issue. *See* Opp. at 6.  Moreover, none of BANA's debt validations included an *estimate* of the debt owed, but instead provided Plaintiff with a confirmation in writing that the amount being demanded is what the creditor is claiming owed.  *See Clark*, 460 F.3d at 1173–74 (at the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.") (citations omitted).

Ultimately, since Plaintiff's allegations demonstrate that BANA provided the information requested to validate and verify the debt, she cannot maintain her FCRA claim since she does not allege that BANA failed to take the remedial measures, as required by statute. For these reasons, Plaintiff's FCRA claim must be dismissed.

2.  *Plaintiff Concedes That BANA Conducted a Proper Investigation of her Disputes*

Plaintiff's opposition next alleges that BANA failed to properly conduct an investigation with respect to Plaintiff's disputes with the relevant consumer reporting agencies. Opp. at 6. Plaintiff's opposition claims that BANA's June 17, 2017 correspondence is deficient under FCRA because it did not allegedly show that BANA conducted a "proper investigation[.]" Opp. at 6.  Plaintiff argues that BANA's response, stating that "the above-referenced account is valid, due and payable,"

and that "there has been no bank error in the handling of your account," did not 'prove' a proper investigation. *Id.* In support, Plaintiff states that since BANA "lacked responses that comply with GAAP, BANA failed to properly validate the debt." *Id.*[1] However, as discussed above and within BANA's motion to dismiss, Plaintiff's own allegations demonstrate that BANA took the remedial steps required by the FCRA. *See* 15 U.S.C. § 1681s-2(b)(1).

As argued extensively in BANA's motion to dismiss, BANA indeed conducted investigations with respect to the disputed information, taking the remedial steps required by the FCRA. In a May 9, 2017 correspondence, BANA stated that it investigated the account and found the "account is reporting correctly on your credit file," and stated it is "unable to remove the account from your file." *See* BANA's Request for Judicial Notice ("RJN"), Ex. A at ¶¶ 2, Ex. B; Order at 6:22-25. This is similar to BANA's investigation articulated in its June 16, 2017 correspondence that "summarized its investigation and concluded that 'the above-referenced account is valid, due and payable,' and that 'there has been no bank error in the handling of your account.'" Order at 6:25-27; RJN, Ex. A at ¶¶ 2, Ex. B.  Further, Plaintiff concedes BANA responded to her "disputes" by providing account information, the opening date of the account, and the amount owed to BANA, along with a copy of the past account statements and underlying credit card agreement. SAC ¶ 3-4; Opp. at 6.  Further, BANA indeed remedied an issue with Plaintiff's account in its August 16, 2017 correspondence, informing Plaintiff it would update her account "as five payments past due." SAC ¶ 4. Accordingly, these allegations show that BANA indeed conducted an investigation with respect to Plaintiff's account and reported the results of the investigation, pursuant to the requirements under 15 U.S.C. § 1681s-2(b)(1).

///

///

///

---

[1] While Plaintiff claims the responses do not comply with GAAP, she fails to explain what "GAAP" is, how it is applicable to her FCRA claim, and further fails to provide any support to maintain her claim.  This vague, conclusory, and ambiguous allegation is just another example of the conclusory and unsupported claims that this Court is authorized to dismiss as a matter of law. *See McGlinchy v. Shell Chem.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

B.     **Plaintiff's Breach of Contract Claim Still Fails as a Matter of Law**

   1.     *Plaintiff Improperly Asserts New Allegations in Opposition*

Plaintiff now alleges in her opposition—for the first time—that her breach of contract claim is based on alleged noncompliance with the disclosure requirements under the Truth in Lending Act ("TILA"). Opp. at 7 ("Under the Truth in Lending Act, BANA was required to make full disclosure of its lending practices….The Truth in Lending Act requires a legal duty on BANA…"). However, Plaintiff's operative pleadings do not allege or even mention these theories of liability from a breach of any provision under TILA or how TILA is even applicable to the subject account with Plaintiff.  *See generally* SAC. Therefore, this is a new and unpled allegation raised in Plaintiff's opposition that the Court cannot consider in deciding BANA's motion to dismiss. *See*, *e.g.*, *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (explaining that a court may not rely on additional facts alleged in an opposition to a motion to dismiss when deciding a 12(b)(6) motion); *I.S. ex rel. Knapp v. Callibre Sys.*, 2011 WL 4914711, *4 (C.D. Cal. Oct. 17, 2011) (refusing to consider "new" allegations presented for the first time in an opposition to a motion to dismiss); *Nguyen v. California Prison Health Serv.*, 2016 WL 4120747, at *2 (E.D. Cal. 2016) (refusing to consider new allegations raised in opposition which were not included in the first amended complaint). And, even if the Court were to consider such allegations, they are vague and unsupported and fail for the same reasons identified in BANA's motion to dismiss and should be dismissed as a matter of law.

   2.     *Plaintiff's Unsupported Securitization Theory Is Insufficient to State a Claim*

Plaintiff's opposition again presents an unsupported theory that BANA failed to make a disclosure to her regarding potential securitization of her account and that her "Account receivables was assigned, sold, or securitized." Opp. at 7. Confusingly, Plaintiff now claims that the breach of contract claim is "not based on the written contract; rather it is based on law, regulations and requirements violated by BANA[.]" *Id.*  In support, Plaintiff merely states that "this fact will prove out during the discovery process." *Id.*  However, Plaintiff's breach of contract claim remains vague and without any legal support and Plaintiff cannot meet the threshold requirements to state a breach of contract claim as a matter of law.

*First,* to state a breach of contract claim, a plaintiff must establish: the existence of a contract; the plaintiff's performance or excuse for nonperformance; and a breach of the contract. *Wall St. Network v. N. Y. Times*, 164 Cal.App.4th 1171, 1178 (2008). Yet, Plaintiff's opposition concedes that her claim is "not based on the written contract," but is "rather based on law, regulations and requirements." Opp. at 7. Unsurprisingly, Plaintiff fails to identify or allege the law, regulations, or requirements she believes govern her claim. Since Plaintiff's opposition concedes that there is no contract or breach of a contract between the parties, she cannot meet the required elements and her entire theory of liability fails as a matter of law.

*Second*, to the extent that Plaintiff alleges that BANA is required to make certain disclosures regarding securitization, Plaintiff's theory still fails as a matter of law. First, Plaintiff fails to allege that any "contract" requires such disclosure or that BANA breached the terms of a "contract." Plaintiff's conclusory allegations of required disclosures and conclusory allegations that her own credit card agreement was "securitized" fail as a matter of law. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (stating that a court need not "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

For these reasons, Plaintiff's breach of contract claim remains inadequately pled.

**C.    Plaintiff Should Not Be Granted Leave To Amend Her Complaint a Third Time**

Plaintiff's opposition "requests leave to amend," but fails to allege any facts that she could use to amend her pleadings to adequately state a claim. As argued in BANA's motion to dismiss, it would be futile to grant Plaintiff leave to amend, as she has already been granted leave by this Court on two occasions. Rather than amend to add additional facts, Plaintiff merely removed all harmful allegations and exhibits which demonstrated BANA's compliance with applicable laws and asserted new allegations and claims that further demonstrate her pleadings cannot be cured. Plaintiff's pleadings remains riddled with the same defects of the predecessor complaint. Thus, the Court should dismiss Plaintiff's claims with prejudice.

## II.    CONCLUSION

Rather than refute BANA's arguments raised in its motion to dismiss, Plaintiff's

1 opposition does nothing more than restate the conclusory allegations from her SAC while
2 improperly adding a vague claim under TILA. Further, Plaintiff's opposition fails to raise facts
3 that she could use to amend her pleadings to adequately state a claim. Because Plaintiff fails to
4 adequately state any claim against BANA, BANA requests that this Court grant its motion to
5 dismiss in its entirety, without leave to amend, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

7 DATED: September 10, 2018            **MCGUIREWOODS LLP**

              By:   */s/ Alexander J. Gershen*
                    Alexander J. Gershen, Esq.
                    Attorney for Defendant Bank of America, N.A.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Two Embarcadero Center, Suite 1300, San Francisco, CA 94111.

On September 10, 2018, I served the following document(s) described as

**BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF MYUNG JIN MYRA KOZLOWSKI'S SECOND AMENDED COMPLAINT**

on the interested parties in this action via the Court's CM/ECF system and on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Myung Jin Myra Kozlowski                    Plaintiff in Pro Per
3816 Vista De Lago Ct.
Bakersfield, CA 93311

☒   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2018, at San Francisco, CA.

*/s/ Josh Tabisaura*
Josh Tabisaura