UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYUNG JIN MYRA KOZLOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | No. 1:18-cv-00131-DAD-EPG<br><br>ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. Nos. 58, 59, 60, 61) |

This matter came before the court on four motions to dismiss. (Doc. Nos. 58, 59, 60, 61.) A hearing on the motions was held on September 18, 2018. (Doc. No. 76.) Plaintiff Kozlowski appeared on her own behalf at that hearing. Attorney Alexander J. Gershen appeared on behalf of defendant Bank of America, N.A., and attorney Ramin Mahdavi appeared on behalf of defendants The Moore Law Group, APC and Harvey M. Moore. Attorney Scott Brady appeared on behalf of defendant TransUnion, LLC and attorney Donna Woo appeared on behalf of Experian Information Solutions, Inc. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will deny defendant Bank of America's motion to dismiss as moot, and will grant the motions to dismiss brought on behalf of all other defendants.

/////

/////

**BACKGROUND**

This action proceeds on plaintiff's second amended complaint, which alleges as follows. (Doc. No. 57 (hereinafter "SAC").) On March 14, April 14, and July 12, 2017, plaintiff sent defendant Bank of America, N.A. ("BANA") notices of dispute, demanding validation of an alleged account with BANA. (SAC at ¶ 2.) The notices included a demand that BANA verify whether the claim of debt was valid and free of any claims and defects, whether there had been a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and whether the original lender provided value. (*Id.*) The notices sent by plaintiff further requested a complete statement of damages and losses incurred by BANA. (*Id.*)

In response to plaintiff's notices, BANA informed plaintiff that the account was opened on September 9, 2015, and that the current balance on the account was $4,326.14. (*Id.* at ¶ 3.) In a written response dated August 16, 2017, BANA informed plaintiff that "[a]s a result of your inquiry, we've contacted the appropriate consumer reporting agencies and asked them to update your account as five payments past due." (*Id.* at ¶ 4.) BANA did not indicate that it would report plaintiff's dispute. (*Id.*)

Twice on October 11, 2017, and again on October 25, 2017, November 22, 2017, December 26, 2017, December 27, 2017, January 8, 2018, and January 23, 2018, defendants the Moore Law Group, APC ("TMLG") and Harvey M. Moore (collectively, "Moore defendants") impermissibly pulled plaintiff's credit report through defendant Experian without prior authorization from plaintiff. (*Id.* at ¶ 5.)

On or about November 7 and November 26, 2017, plaintiff sent defendant TMLG notices of dispute, again demanding validation of an alleged account with BANA. (*Id.* at ¶ 6.) In those notices, plaintiff again demanded verification of whether the claim of debt was valid and free of any claims and defects, whether there had been a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and whether the original lender provided value. (*Id.*) Plaintiff's notices of dispute again requested a complete statement of damages and losses incurred by BANA. (*Id.*)

2

TMLG responded to plaintiff's notices of dispute stating that the account had been opened on September 9, 2015, and that the current balance on the account was $4,326.14. (*Id.* at ¶ 7.)

On or about March 14, April 14, April 21, May 30, and July 12, 2017, plaintiff sent notices of dispute to defendants Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("Trans"). (*Id.* at ¶ 8.)

Plaintiff alleges that she has not received authentic evidence regarding the validity of the debt. (*Id.* at ¶ 9.) Plaintiff has disputed the accuracy of the "derogatory and inaccurate information" reported by BANA to credit reporting agencies ("CRAs"). (*Id.* at ¶ 11.) Upon information and belief, plaintiff alleges that BANA has not provided notice of this dispute to CRAs in violation of 15 U.S.C. § 1681s-2(b). (*Id.*) Plaintiff alleges generally that defendants BANA and TMLG have failed to timely respond to plaintiff's notices of dispute by providing evidence of the alleged debt to plaintiff or CRAs. (*Id.* at ¶ 12.) Plaintiff further alleges that upon information and belief, defendants Experian and Trans have not reported plaintiff's notice of dispute, or alternatively, have reported and removed the dispute. (*Id.* at ¶ 14.)

On January 25, 2018, plaintiff filed this action against BANA, Equifax, Inc., Equifax Information Services, LLC,[1] Experian Information Solutions, Inc., TransUnion, LLC, TMLG, and Harvey M. Moore, alleging violations of the Fair Credit Reporting Act, violations of the Fair Debt Collection Practices Act, breach of contract, negligence, and defamation. (Doc. No. 1.) On May 7, 2018, the court issued an order granting motions to dismiss filed by defendants BANA and the Moore defendants, and also granting plaintiff leave to amend certain causes of action. (Doc. No. 47.)

On May 24, 2018, plaintiff filed a first amended complaint, which only included factual allegations against BANA and the Moore defendants. (Doc. No. 48). The court thereafter dismissed defendants Equifax, Experian, and Trans, finding that plaintiff's FAC did not allege

---

[1] On March 20, 2018, the cause of action against defendants Equifax, Inc. and Equifax Information Services, LLC was transferred by the Judicial Panel on Multidistrict Litigation to the Northern District of Georgia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. (Doc. No. 38.) On August 23, 2018, the court terminated the proceedings with respect to the Equifax defendants, subject to reinstatement if the cause of action in which these defendants were named was transferred back to this court. (Doc. No. 69.)

any conduct against any of these defendants. (Doc. No. 49.) Plaintiff then moved for leave to amend the first amended complaint, notifying the court that she had not intended to abandon her claims against those defendants. (Doc. No. 52.) Accordingly, on June 22, 2018, the court granted plaintiff leave to file a second amended complaint. (Doc. No. 53.)

On July 10, 2018, plaintiff filed her SAC. (Doc. No. 57.) Defendant BANA filed a motion to dismiss on July 20, 2018. (Doc. No. 58.) Defendant Trans filed a motion to dismiss on July 23, 2018, which defendant Experian joined. (Doc. Nos. 59, 60.) The Moore defendants filed a motion to dismiss on July 24, 2018. (Doc. No. 61.) Plaintiff filed her oppositions on August 8, 2018 (Doc. Nos. 64, 65, 66, 67), and defendants thereafter filed replies on August 27, September 9, and September 10, 2018. (Doc. Nos. 70, 72, 73, 74.)

On September 27, 2018, plaintiff filed a notice with the court stating that she had entered into a settlement agreement with defendant BANA. (Doc. No. 77.) On October 15, 2018, plaintiff filed a notice of voluntary dismissal as to defendant BANA, pursuant to Rule 41(a)(1)(A)(i). (Doc. No. 78.) Accordingly, the assigned magistrate judge issued an order directing the Clerk of the Court to terminate defendant BANA on the docket of this action. (Doc. No. 79.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most

favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A. Defendant BANA's Motion to Dismiss**

As indicated above, on October 15, 2018, plaintiff filed a notice of voluntary dismissal as to defendant BANA. (Doc. No. 78.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Because defendant BANA has not served either an answer or a motion for summary judgment, and in light of plaintiff's voluntary dismissal, this action is terminated by operation of law as to defendant BANA without further order of the court. Fed. R. Civ. P. 41(a)(1)(A)(i). Accordingly, defendant BANA's motion to dismiss will be denied as having been rendered moot by plaintiff's voluntary dismissal as to that defendant.

**B. Defendants Experian and Trans' Motions to Dismiss**

Defendants Experian and Trans move to dismiss plaintiff's second, third, and fourth causes of action against them for violation of various provisions of the FCRA. (Doc. Nos. 59, 60.) Plaintiff alleges that defendants Experian and Trans failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report pursuant to 15

U.S.C. § 1681e(b); failed to properly reinvestigate plaintiff's dispute pursuant to § 1681i(a); and failed to add a statement of dispute to plaintiff's credit file pursuant to § 1681i(c). (SAC at ¶¶ 27–50.)

Section 1681e(b) of the FCRA provides that: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Section 1681i, meanwhile, provides that a CRA must conduct a reasonable investigation when a consumer disputes the accuracy of her credit report and she contacts the CRA directly with her dispute. Once notified by the consumer of the inaccuracy, the CRA must reinvestigate the claim within 30 days. § 1681i(a)(1). If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. § 1681i(a)(b). Whenever a statement of dispute is filed, unless there is reason to believe it is frivolous or irrelevant, the CRA shall note in any subsequent consumer report that the information is disputed by the consumer. § 1681i(a)(c).

The Ninth Circuit has held that "to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotation marks omitted) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *see also Kruse v. Experian Info. Sols., Inc.*, 471 Fed. App'x 714, 715 (9th Cir. 2012) ("Liability under the FCRA is based on a prima facie showing of inaccurate reporting.").[2] Experian and Trans move to dismiss the causes of action brought against them on the grounds that, here, plaintiff has failed to allege any factual inaccuracy in their reporting. (Doc. No. 59 at 6–7; Doc. No. 60 at 2.) The court agrees.

Although plaintiff's SAC alleges in conclusory fashion that all defendants have maintained and issued inaccurate reports regarding her credit, plaintiff fails to articulate what is inaccurate. In this regard, she makes no allegations whatsoever that the reported balance does not

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1 | accurately reflect the charges she made, or that the payment history does not accurately reflect the
2 | payments made to BANA. On the contrary, the SAC simply alleges that "[t]he accuracy that is
3 | disputed consists of: demand that the claim of debt was valid, free from any claims and defects,
4 | whether there was a breach of agreement, whether there was a failure of consideration or material
5 | alterations, whether the alleged account was transferred, and that the original lender provided
6 | value by sourcing the funds from creditor's account." (SAC at ¶ 11.)

Plaintiff's dispute therefore concerns the validity, not the accuracy, of the information furnished by the creditor and subsequently reported by the CRAs. However, "[i]n the Ninth Circuit, credit reports are considered accurate under the FCRA where the credit reporting agencies correctly report information furnished by the creditor, even when there is a pending legal dispute between plaintiff and creditor as to the validity of the debt." *Gauci v. Citi Mortg.*, No. 2:11-cv-01387-ODW(JEMx), 2012 WL 1535654, at *5 (C.D. Cal. Apr. 30, 2012). In *Carvalho*, the Ninth Circuit adopted a "patently incorrect or materially misleading" standard in considering whether a consumer's credit report was inaccurate within the meaning of the FCRA. The panel found no patent error in plaintiff's credit report because plaintiff did not contend that the account was not hers, that the amount past due was inaccurate, or that any of the listed dates were incorrect. *Carvalho*, 629 F.3d at 890. The plaintiff argued, however, that even if the report was technically accurate, the inaccuracy was *latent*. *Id.* The plaintiff asserted that she was not legally obligated to pay the debt because the creditor had not properly billed her insurer. *Id.* The Ninth Circuit rejected this argument and held that CRAs are neither qualified nor obligated to resolve such disputes. *Id.* at 891–92. "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* at 891.

Here, plaintiff essentially contends that, after she informed Experian and Trans about the ongoing dispute between her and BANA, Experian and Trans should have conducted an investigation into the validity of the debt. Under the holding in *Carvalho*, however, a CRA's responsibility is to correctly report information furnished by the creditor, and not to adjudicate a

/////

consumer-creditor dispute.³ *Id.* at 891–92. Like the plaintiff in *Carvalho*, plaintiff Kozlowski has not made a prima facie showing that her credit report contained patent errors;⁴ rather, she assails the validity of the debt or her obligation to pay it. Because Kozlowski fails to allege a patent inaccuracy in her credit reports, she fails to state a claim under § 1681e or § 1681i against the CRAs. The motions to dismiss plaintiff's second, third, and fourth causes of action against defendants Experian and Trans will therefore be granted.

**C. Moore Defendants' Motion to Dismiss**

    1. <u>Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(8), 1692g(b)</u>

The Moore defendants seek to dismiss plaintiff's fifth cause of action against them for violation of § 1692e(8) and § 1692g(b) of the FDCPA. (Doc. No. 61-1 at 8–13.) The court addresses these provisions in turn.

        i. *15 U.S.C. § 1692e(8)*

Plaintiff alleges that the Moore defendants violated § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." (SAC at ¶ 52.) Plaintiff's claim brought under § 1692e(8) in the SAC essentially repeats the allegations in her original complaint, which the court previously dismissed with leave to amend. (*See* Doc. No. 1 at ¶¶ 27–30; Doc. No. 47 at 12.)

---

³ The Ninth Circuit in *Carvalho* further advised that a consumer who disputes the legal validity of a debt should do so directly with the creditor, furnisher, or source of the debt, which "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* at 892 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009)). Only had a court ruled plaintiff's debt to BANA invalid, and Experian and Trans had continued to report it as a valid debt, would plaintiff have grounds for an FCRA claim against Experian and Trans. *Id.* at 891–92.

⁴ Plaintiff argues in her opposition to the pending motions that there was an inaccuracy in reporting the balance on the account, because Experian reported an amount due of $4,436 while Trans reported an amount due of $4,545. (Doc. No. 64 at 6.) Exhibits appended to the SAC indicate that Experian and Trans each reported plaintiff's balance as $4,436 in reports updated April 4, 2017 and April 7, 2017, respectively, while in a report updated May 1, 2017, Trans reported plaintiff's balance as $4,545. (*See id.* at 50–53.) That these reports reflect a different balance on entirely different dates does not amount to an allegation of inaccurate reporting.

In its prior order, the court noted that plaintiff cited no authority, and the court had located none, in support of a debt collector's affirmative duty to report a disputed debt to CRAs. (Doc. No. 47 at 8.) On the contrary, only if a debt collector "*elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008). Absent from plaintiff's SAC are any allegations that the Moore defendants communicated information about plaintiff's credit to anyone. Lacking any such factual allegations that the Moore defendants transmitted information about plaintiff's credit to any CRAs, and in the absence of any affirmative duty to do so, the SAC lacks sufficient factual allegations to support a claim under § 1692e(8). *See id.* (affirming district court's grant of summary judgment dismissing § 1692e(8) claim where plaintiff presented no evidence that the debt collector communicated any credit information to CRAs).

        ii. *15 U.S.C. § 1692g(b)*

Plaintiff also alleges that the Moore defendants violated § 1692g(b), which provides that if a consumer notifies a debt collector in writing within 30 days after receipt of an initial communication from the debt collector that the debt is disputed, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer." (SAC at ¶ 53.) Plaintiff contends that the Moore defendants failed to verify the alleged debt. (*Id.* at ¶¶ 54–55.)

Plaintiff's original complaint contained similar allegations, but those facts were alleged in support of a claim under § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." (*See* Doc. No. 1 at ¶ 34.) Among those in plaintiff's original complaint, was the allegation that the Moore defendants had violated this provision in part by "ignor[ing] Plaintiff's disputes as to the collection account." (*Id.*)

In its prior order issued on May 7, 2018, the court dismissed plaintiff's cause of action brought under § 1692f, finding that the allegations of, and exhibits to, plaintiff's original complaint contradicted her assertion that the Moore defendants had ignored her disputes as to the

9

account. (Doc. No. 47 at 9.) The court further found that plaintiff's allegations that defendants' responses were insufficient were belied by clear Ninth Circuit precedent establishing that "[v]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)). Plaintiff's original complaint and the exhibits attached thereto showed that, in response to plaintiff's notices of dispute, defendant TMLG mailed plaintiff a copy of the itemized monthly billing statement, demonstrating the amount of the outstanding bill and showing that the debt was in plaintiff's name. (Doc. No. 47 at 9.) The court therefore dismissed plaintiff's claim brought under § 1692f to the extent that it was based upon the Moore defendants' alleged failure to verify plaintiff's debt. (*Id.*)

However, the court nonetheless granted plaintiff leave to amend to the extent that she could plead other factual allegations demonstrating that the Moore defendants' debt collection activities were unfair or unconscionable under § 1692f. (*Id.* at 12.) Plaintiff's SAC fails to allege any such facts. Rather, plaintiff's cause of action under § 1692g(b) merely repeats her claim that the Moore defendants failed to verify the alleged debt. (SAC at ¶¶ 53–55.) For the reasons stated above and for the reasons articulated in the court's May 7, 2018 order, plaintiff has failed to state a claim under § 1692g(b).

2. Fair Credit Reporting Act, 15 U.S.C. § 1681b

The Moore defendants also move to dismiss plaintiff's sixth cause of action against them for violation of § 1681b of the FCRA. (Doc. No. 61-1 at 13–14.) Plaintiff alleges that the Moore defendants impermissibly pulled her credit report on multiple occasions, without properly validating the alleged debt and without plaintiff's prior authorization. (SAC at ¶¶ 59, 62.)

Section 1681n(b) provides civil liability for "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater." "To prove a violation of Section 1681n(b), a plaintiff must show that credit information was obtained for an impermissible

purpose—a showing of a permissible purpose is a complete defense." *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999)). The Moore defendants contend that they had a permissible purpose in obtaining plaintiff's credit report under § 1681b(a)(3)(A) because plaintiff's account was placed with defendant TMLG for collection.[5] (Doc. No. 61-1 at 13–14.)

The permissible purposes for obtaining credit information are set out at § 1681b, including, under § 1681b(a)(3)(A), the furnishing of reports "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." The Ninth Circuit has interpreted "collection of an account" to mean the collection of a debt. *Hasbun v. County of Los Angeles*, 323 F.3d 801, 803–04 (9th Cir. 2003), *superseded on other grounds by* Fair and Accurate Credit Transaction Act of 2003, Pub. L. No. 108-159, 117 Stat. 1952. Debt collection, moreover, is only a permissible reason for obtaining a credit report when the debt arises from a transaction in which the debtor voluntarily and directly sought credit. *See Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1112–13 (9th Cir. 2009) (interpreting "credit transaction involving the consumer" to mean that the consumer must initiate the credit transaction, not simply cause it to occur through actions unrelated to the debt), *amended in part on other grounds by* 605 F.3d 665 (9th Cir. 2009).

/////

/////

/////

---

[5] Defendants also argue that the court previously dismissed plaintiff's FCRA claim against them with prejudice and therefore plaintiff cannot bring an FCRA claim now. (Doc. No. 61-1 at 12.) This argument is unpersuasive. Plaintiff's original complaint alleged a cause of action under § 1681s-2 of the FCRA, which sets out the responsibilities of furnishers of information. (*See* Doc. No. 1 at 7.) The court previously found that the Moore defendants are not furnishers of information and therefore plaintiff could not state a claim against them based on § 1681s-2. (Doc. No. 47 at 7.) That prior decision did not preclude plaintiff's sixth cause of action set forth in her SAC, which is brought against the Moore defendants under §§ 1681n(b) and 1681b of the FCRA, which provide civil liability for "any person" who violates its provisions.

11

Here, plaintiff's SAC concedes that the Moore defendants are debt collectors, and "[a]t all relevant times [were] engaged . . . in attempting to collect a 'debt' from Plaintiff."[6] (SAC at ¶¶ 11, 12.) Although plaintiff disputes her legal obligation to pay the debt, she does not contend that this debt was involuntarily incurred in the first instance, as she attaches to her SAC the credit card agreement between her and defendant BANA. (*See id.* at 60–74.) Because the allegations of plaintiff's SAC make clear that if the Moore defendants obtained her consumer report it was relating to an effort to collect a debt voluntarily incurred, plaintiff's sixth cause of action fails to state a claim and must be dismissed.

**D. Leave to Amend**

For the reasons explained above, the court will deny defendant BANA's motion to dismiss as having been rendered moot, and will dismiss all remaining causes of action brought by plaintiff in her SAC against defendants Experian, Trans, and the Moore defendants. The court has carefully considered whether plaintiff may amend her complaint to cure the deficiencies addressed in this order. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, it is evident that the deficiencies identified by the court regarding plaintiff's causes of action against Experian and Trans cannot be cured by amendment. As discussed above, the causes of action brought against Experian and Trans require a prima facie showing by plaintiff of a factual inaccuracy in defendants' reporting. Plaintiff conceded at the hearing on the pending motions, however, that her SAC challenges not the accuracy of the debt, but her legal obligation to pay it. In addition, plaintiff's SAC fails to correct the defects in her FCRA and FDCPA claims

---

[6] In her SAC plaintiff alleges she did not have a business relationship with the Moore defendants, and that there has never been a creditor-debtor relationship between them. (SAC at ¶ 68.) Section 1681b, however, does not require the existence of a creditor-debtor relationship for a party to lawfully acquire a consumer report.

12

against the Moore defendants.  In its May 7, 2018 order, the court specifically advised plaintiff of the pleading defects in her original complaint and how to rectify them, and gave plaintiff the opportunity to file an amended complaint as to certain causes of action against the Moore defendants.  Because the deficiencies that the court previously identified remain uncorrected, the court can only conclude that plaintiff is either unwilling or unable to properly plead the causes of action she has attempted to assert in this action.  The granting of further leave to amend would therefore be futile and dismissal with prejudice is appropriate.

**CONCLUSION**

For the reasons set forth above:

1. Defendant BANA's motion to dismiss (Doc. No. 58) is denied as having been rendered moot by plaintiff's voluntary dismissal of defendant BANA;
2. The motions to dismiss filed on behalf of defendants TransUnion and Experian (Doc. Nos. 59, 60) are granted;
3. The motion to dismiss brought by the Moore defendants (Doc. No. 61) is granted;
4. Plaintiff's second amended complaint is dismissed with prejudice; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 18, 2018**                              _/s/ Dale A. Drozd_
                                                           UNITED STATES DISTRICT JUDGE